## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **MARY M. GRAY,** | |
| *Plaintiff*, | |
| **vs.** | **Civil Action No. 6:21-cv-01127** |
| **ALLEN SAMUELS WACO D C J, INC. d/b/a ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT and FCA US LLC,** | |
| *Defendants*. | |

## DEFENDANT FCA US LLC'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FCA US LLC ("FCA US") gives notice of the removal of this action to the United States District Court for the Western District of Texas from the District Court of McLennan County, Texas (170th Judicial District). For the reasons set out below, this action is appropriately removed to this Court.

### I.   Background

In her First Amended Original Petition ("Petition"), Plaintiff Mary Gray alleges that on March 24, 2020, she was driving her 2015 Dodge Journey SXT (VIN 3C4PDCB7FT692059) in Lacy Lakeview, McLennan County, Texas when she was injured in a frontal impact collision. Petition at ¶ 9. She alleges that the air bag system failed to deploy and the seat belt pretensioner malfunctioned. *Id.* at ¶ 12. She asserts claims for negligence and strict product liability against FCA US. *Id.* at ¶¶ 35–55.

Plaintiff also alleges that on March 23, 2020, the day before the collision, defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat ("Allen Samuels"),

the dealer from which she purchased the vehicle, replaced the catalytic converter and O2 sensors, as well as repaired the driver's side mirror. *Id.* at ¶ 8. She claims that Allen Samuels was negligent for failing to properly inspect, discover, repair, and/or warn her about the allegedly defective air bag and restraint systems when it serviced the vehicle the day before. *Id.* at ¶ 32. Plaintiff claims to have suffered a brain bleed as well as a traumatic injury and seeks over $1,000,000 in damages. *Id.* at ¶¶ 7, 13.

Plaintiff served her Petition on FCA US on September 30, 2021. *See* Notice of Service of Petition on FCA US, attached as Exhibit 1. The case is pending in the 170th Judicial District Court of McLennan County, Texas and is assigned Cause Number 2021-2220-4.

## II.    <u>This Court Has Diversity Jurisdiction Over This Case</u>

This action is removable because this Court has original subject matter jurisdiction over it. Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States [and/or] citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1), (2). In this case, Plaintiff's citizenship is diverse from both defendants' citizenships and the amount in controversy exceeds $75,000. As such, this Court has subject matter jurisdiction over this dispute.

## A.  Plaintiff's Citizenship is Diverse from the Citizenships of All Defendants

To invoke diversity jurisdiction under 28 U.S.C. § 1332, "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff's citizenship is diverse from the citizenship of Allen Samuels and FCA US.

Plaintiff Mary Gray is a citizen of Florida. "The place where a person lives is taken to be [her] proper domicile until the evidence establishes the contrary." *Computer People, Inc. v. Computer Dimensions Int'l, Inc.*, 638 F. Supp. 1293, 1295 (M.D. La. 1986) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)). In her Petition, Plaintiff alleges that she "is an individual currently residing in Florida." Pet. at ¶ 2. Therefore, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction.

Defendant Allen Samuels is a citizen of Texas. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .." 28 U.S.C. § 1332(c)(1). Allen Samuels is incorporated in Texas and has its principal place of business in Texas. *See* Pet. at ¶ 3. Therefore, Allen Samuels is a citizen of Texas and not a citizen of Florida.

Defendant FCA US is neither a citizen of Florida nor Texas. For diversity purposes, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Further, where members of a limited liability company are themselves entities, associations, or limited liability companies, "the citizenship must be traced through however many layers of members or partners there may be." *See Kinder Morgan Liquids Terminals, LLC v. Ponns & Co., Inc.*, No. CIV. A H-06-3225, 2006 WL 3691192, at *2 (S.D. Tex. Dec. 12, 2006) (citing *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curium)) (cited in *Beneplace, Inc. v. Pitney Bowes, Inc.*, No. A-15-CV-65-LY-ML,

2016 WL 11582929, at *6 (W.D. Tex. June 30, 2016), *report and recommendation adopted*, No. A-15-CA-065-LY, 2016 WL 11582930 (W.D. Tex. July 29, 2016)); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").

Defendant FCA US is a Delaware limited liability company whose sole member is FCA North America Holdings LLC. FCA North America Holdings LLC is a limited liability company, organized under Delaware law, whose sole member is FCA Holdco B.V., which is incorporated under the laws of the Netherlands and has its principal place of business in the Netherlands. FCA Holdco B.V. is wholly owned by Stellantis, N.V. f/k/a Fiat Chrysler Automobiles N.V., which is incorporated under the laws of the Netherlands, and has its principal place of business in the Netherlands. Under the laws of the Netherlands, Stellantis, N.V. is an independent legal entity with separate legal standing from any of its investors or legal representatives. Therefore, FCA US is diverse from both Plaintiff and Allen Samuels.

In sum, Plaintiff Mary Gray is a citizen of Florida, Defendant Allen Samuels is a citizen of Texas, and Defendant FCA US is a citizen of neither. Thus, there is complete diversity between Plaintiff, one the one hand, and all defendants, on the other.

### B.  The Amount in Controversy Exceeds $75,000

Plaintiff's Petition alleges damages in excess of $75,000.00. Pet. at ¶ 7. While Plaintiff does not specify the maximum amount of damages sought, she "seeks monetary relief over $1,000,000." *Id.* Thus, it is apparent from the face of the Petition that the amount in controversy exceeds $75,000.00.

### C.  The Forum-Defendant Rule Does Not Prevent Removal Because Defendant Allen Samuels is Improperly Joined

Allen Samuels's presence as a codefendant does not prevent removal, even though it is a Texas citizen. To be sure, typically under the so-called forum-defendant rule, **"**[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). But, where the plaintiff has "improperly joined" an in-state defendant, the Court should "disregard the citizenship of that defendant," and exercise its subject matter jurisdiction. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc). In other words, the forum-defendant rule will not prevent removal if the defendant who is a "citizen of the State in which the action is brought" is "improperly joined."

Allen Samuels is improperly joined because Plaintiff cannot establish a cause of action against it. There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). To show that a plaintiff is unable to establish a cause of action against the allegedly improperly joined defendant, a party must demonstrate "that there is no possibility of recovery by the plaintiff against [the allegedly improperly joined in-state] defendant." *Id.* In other words, there must be "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [that] in-state defendant." *Id.* To "predict[] whether a plaintiff has a reasonable basis of recovery under state law," the Court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* When conducting its analysis, "[t]he court is limited to the causes of action and allegations asserted in pre-removal pleadings." *Napper v.*

*Electrolux Home Prod., Inc.*, No. EP-13-CV-307-PRM-RFC, 2014 WL 12489982, at *2 (W.D. Tex. Feb. 7, 2014) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)); *see also Selexman v. Ford Motor Co.*, No. CIV.A. H-14-1874, 2014 WL 6610904, at *1 (S.D. Tex. Nov. 20, 2014) (citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537–38 (1939)) ("The right to remove depends upon the plaintiffs' pleading at the time of the petition for removal.").

Plaintiff does not state a valid claim against Allen Samuels. Her Petition contains a single negligence claim against Allen Samuels based on two general allegations that it (1) sold an allegedly defective vehicle to Plaintiff and failed to warn about the alleged defects, and (2) failed to discover and repair the alleged defects when it serviced the vehicle for other, unrelated, issues. Neither theory provides Plaintiff a plausible basis to recover.

*1. Plaintiff cannot recover against Allen Samuels under her defect-based claims*

The portions of Plaintiff's claims against Allen Samuels based on alleged manufacturing, design, or marketing defects at the time of sale are invalid because they are barred by Texas's "innocent seller" statute. Under that statute "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" one of seven exceptions:

> (1) that the seller participated in the design of the product; (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification; (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product; (4) that: (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product; (B) the warning or instruction was inadequate; and (C) the claimant's harm resulted from the inadequacy of the warning or instruction; (5) that: (A) the seller made an express factual representation about an aspect of the product; (B) the representation was incorrect; (C) the claimant relied on the representation in obtaining or using the product; and (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm; (6) that: (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and (B) the claimant's harm resulted from

the defect; or (7) that the manufacturer of the product is: (A) insolvent; or (B) not subject to the jurisdiction of the court.

Tex. Civ. Prac. & Rem. Code § 82.003(a).

Plaintiff has not alleged any facts supporting an exception to the "innocent seller" statute, nor has she specifically invoked any of the exceptions. In Plaintiff's Petition, she alleges that Allen Samuels sold her the subject Dodge Journey and that, at the time of sale, the vehicle "contained one or more defects, which defects permitted Plaintiff to be seriously injured." Pet. at ¶ 17. She further claims that "[t]he Dodge Journey was defective as marketed in that Defendant Allen Samuels failed to warn of the dangerous conditions of the Dodge Journey vehicles and their lack of crashworthiness in a frontal impact collision . . ." and that "Defendant Allen Samuels furnished the Dodge Journey without adequate warnings regarding its lack of crashworthiness." *Id.* at ¶¶ 20–21. Plaintiff also asserts that she plans to rely on a "Malfunction Theory" against Allen Samuels to satisfy any causation elements—specifically, that "it may be inferred that the harm sustained by Plaintiff was caused by a product defect existing at the time of sale or distribution." *Id.* at ¶ 34 (citing Restatement (Third) of Torts: Products Liability § 3 (1998)).

None of these allegations support any exception to the "innocent seller" statute. They do not support any claim that Allen Samuels [1] "participated in the design of" the vehicle," *see* Tex. Civ. Prac. & Rem. Code § 82.003(a)(1); [2] "altered or modified" the vehicle, *see id.* at § 82.003(a)(2); [3] "installed" the vehicle into any other assembly that caused harm, *see id.* at § 82.003(a)(3); [4] "exercised substantial control over the content of a warning or instruction that accompanied the" vehicle, *see id.* at § 82.003(a)(4); or [5] "made an express factual representation about an aspect of the" vehicle, *see id.* at § 82.003(a)(5). Nor has Plaintiff alleged that that the manufacturer of the vehicle is "insolvent" or "not subject to the jurisdiction of the court." *See id.* at § 82.003(a)(7).

Plaintiff's allegations are also insufficient to trigger the sixth exception because she does not claim that Allen Samuels "actually knew of a defect to the [vehicle] at the time the seller supplied" it. *See id.* at § 82.003(a)(6). To invoke the sixth exception, a plaintiff must show that the seller "actually knew" of the defect at the time of sale. *See, e.g.*, *Mix v. Target Corp.*, 759 F. Supp. 2d 876, 880 (W.D. Tex. 2010) ("The main question in this cause thus becomes, at the time Plaintiff Jennifer Mix purchased the Bumbo Seat from Target, did Target actually know of any defects in the product?"); *Ray v. FCA US LLC*, No. 2:17-CV-86, 2017 WL 3033425, at *4 (S.D. Tex. July 18, 2017) ("This case thus turns on whether there is a reasonable basis to find that Love Chrysler had actual knowledge of the defect Ray alleges at the time it sold Ray her 2014 Dodge Ram 1500."); *Casas v. The Tire Corral, Inc.*, No. CIV.A. M-04-123, 2005 WL 6773889, at *6 (S.D. Tex. Mar. 31, 2005) ("The Court agrees that confining the application of the term 'supplied' to the initial point of sale comports with the clear intent of the statute."). Plaintiff alleges that Allen Samuels "knew, should have known,[1] or discovered that the frontal airbag system was defective and/or malfunctioning **when its employees inspected, tested, and repaired the Dodge Journey**," but she does not allege that Allen Samuels knew of any defect with the vehicle **at the time it sold her the vehicle**. *See* Pet. at ¶ 26 (emphasis added). That is not enough to invoke the actual knowledge exception. *See, e.g.*, *Figueroa v. Gen. Motors Corp.*, No. EP-07-CV-0297-PRM, 2008 WL 11334129, at *4 (W.D. Tex. Apr. 8, 2008), *report and recommendation adopted*, No. EP07CV297PRM, 2008 WL 4372700 (W.D. Tex. Sept. 15, 2008) ("The Court nonetheless finds that Plaintiffs' general allegations in the present case are insufficient to meet the requirements of the exception under § 82.003(a)(6), as they fail to allege that [the non-diverse defendant] knew of

---

[1] Allegations that Allen Samuels "should have known" are insufficient. *See, e.g.*, *Napper*, 2014 WL 12489982, at *4 ("The Texas Legislature's use of 'knew,' not 'should have known' with respect to the defect clearly requires actual knowledge of the defect on the part of the seller.").

any defect in the vehicle."); *Garcia v. Nissan Motor Co.*, No. CIV.A. M-05-59, 2006 WL 869944, at *3–4 (S.D. Tex. Mar. 30, 2006) ("Plaintiff has failed to show that Local Defendant knew that lack of [side-curtain airbags and electronic stability control] rendered the vehicle defective. . . . Even viewed in a light most favorable to the Plaintiff, Plaintiff has failed to carry its burden as to the applicability of 83.002(a)(6).").

In all, because Plaintiff has not alleged any exception to the "innocent seller" statute, Allen Samuels "is not liable for harm caused to [her] by that [vehicle]" as a matter of law. *See* Tex. Civ. Prac. & Rem. Code § 82.003(a). Therefore, there is "no reasonable basis for the district court to predict" that Plaintiff could recover from Allen Samuels on any defect-based claims. *See Smallwood*, 385 F.3d at 573.

*2.   Plaintiff cannot recover against Allen Samuels under her service-based claims.*

The portions of Plaintiff's claim against Allen Samuels based on its alleged negligent service of the vehicle also fail. In her Petition, Plaintiff alleges that Allen Samuels "negligently undertook to inspect, test, and repair the frontal airbag system when it was brought in for service and maintenance." Pet. ¶ 25. Notably, however, she does not claim that Allen Samuels incorrectly or negligently repaired or serviced the air bag or restraint systems. Instead, she claims that "Allen Samuels ***knew, should have known, or discovered*** that the frontal airbag system was defective and/or malfunctioning when its employees inspected, tested, and repaired the Dodge Journey," and that "[i]n its inspection and repair of the Dodge Journey, Defendant Allen Samuels owed Plaintiff a legal duty to ensure that the vehicle was free of mechanical defects as well as properly test the vehicle to determine whether the supplemental restraint systems worked properly." *Id.* at ¶¶ 26, 28 (emphasis added). In other words, Plaintiff claims that Allen Samuels was negligent for failing to

discover, repair, and/or warn about the alleged air bag and restraint system defects **when it serviced other components of the vehicle**.

But Allen Samuels had no duty to discover, repair, or warn about any alleged air bag and restraint system defects when it serviced other components of the vehicle. Indeed, Texas law does not impose any duty on a post-sale automobile servicer "to discover and warn about a latent [] defect." *See State Farm Lloyds v. Polaris Indus., Inc.*, No. CIV.A. 6-12-19, 2012 WL 3985128, at *3 (S.D. Tex. Sept. 11, 2012) ("State Farm cites no Texas case, nor could this Court find any, that imposes a duty on a post-sale servicer to discover and warn about a latent manufacturing defect."); *Aguilar v. Michelin Tire N. Am., Inc.*, No. SA:16-CV-048-DAE, 2016 WL 10519132, at *4 (W.D. Tex. Mar. 23, 2016) (citing *Polaris* and other cases in which courts rejected claims "ultimately predicated upon negligent maintenance, repair, or service performed by nonmanufacturing sellers or post-sale servicers"); *see also Buchanan v. Rose,* 159 S.W.2d 109, 110 (Tex. 1942) (recognizing that a person "who did not create [a] dangerous situation is not required to become the good Samaritan and prevent injury to others" that might be caused by that dangerous condition) (quoted in *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995)).

Further, where there is no allegation that the servicer modified the vehicle in a way that eventually contributed to the accident or the plaintiff's injuries, courts have rejected a "negligent servicing" theory premised only on allegations that, when it performed maintenance on the vehicle, the servicer had an "unused opportunity to warn" about a defect. *See Rubin v. Daimlerchrysler Corp.*, No. CIV.A. H044021, 2005 WL 1214605, at *9 (S.D. Tex. May 20, 2005) (noting that the plaintiff "did not allege facts or a legal theory that would permit the in-state defendants to be liable under the state law for negligently performing service work that altered the design or manufacture of the [allegedly defective] gear shift lever and contributed to cause the accident," but only that

servicing the vehicle provide the servicer "an unused opportunity to warn about [alleged defect]"); *see also Aguilar*, 2016 WL 10519132, at *4 (rejecting the plaintiff's claims, which "amount[ed] to a failure to warn of latent defects," where the plaintiff failed to "allege any facts that the [forum] Defendants modified the Vehicle's [allegedly defective] tires in any way"); *Selexman*, 2014 WL 6610904, at *4 (noting that the Southern District of Texas has rejected "negligent servicing" claims); *Polaris*, 2012 WL 3985128, at *3 (rejecting the plaintiff's claims, "which constitute[d] little more than the 'unused opportunity to warn'" theory, where there was no allegation that the servicer engaged in any affirmative acts that altered or damaged the vehicle). Therefore, Plaintiff's "negligent servicing" claims fail as a matter of law; as such, there is "no reasonable basis for the district court to predict" that Plaintiff could recover from Allen Samuels based on them. *See Smallwood*, 385 F.3d at 573.

Because "there is no possibility of recovery by the plaintiff against" Allen Samuels, it is "improperly joined." *See id.* As such, the Court should disregard Allen Samuels's Texas citizenship and exercise its subject matter jurisdiction over the dispute between Plaintiff (a Florida citizen) and FCA US (a Netherlands citizen). *See Flagg*, 819 F.3d at 136.

* * * *

This Court has original subject matter jurisdiction over this case because all parties are diverse and the amount in controversy exceeds $75,000. Further, defendant Allen Samuels is an improperly joined forum defendant. This case is removable.

## III.   <u>FCA US Has Timely Filed This Notice of Removal</u>

A notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .." 28 U.S.C. § 1446(b)(1). "Each defendant shall have

30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." *Id.* at § 1446(b)(2)(B).

Plaintiff served FCA US with her Petition on September 30, 2021. *See* Ex. 1. Therefore, FCA US has timely removed this case within 30 days after its receipt of the "initial pleading" against FCA US. *See also* Fed. R. Civ. P. 6 (providing that, when "computing any time period specified in . . . any statute that does not specify a method of computing time," the "last day of the period" is included unless "the last day is a Saturday, Sunday, or legal holiday," in such case "the period continued to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

## IV.    Venue is Proper

Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 124(d)(2), this Court embraces the 170th District Court of McLennan County, Texas, where the action is currently pending. Accordingly, this Court is the appropriate venue for removal of this action.

## V.    FCA US Has Met All Additional Procedural Requirements for Removal

In support of this Notice of Removal, FCA US has attached "a copy of all process, pleadings, and orders" from the state court action. 28 U.S.C. § 1446(a). *See* Exhibit 2. Promptly after the filing of this Notice of Removal, FCA US will serve other parties to this action with this Notice of Removal and will file a copy of it with the 170th District Court of McLennan County, Texas, pursuant to 28 U.S.C. § 1446(d).

Finally, co-defendant Allen Samuels consents to this removal. Generally, "[t]he rule of unanimity requires that all defendants to an action either sign the original petition for

removal or timely file written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n.11 (5th Cir.1988)).[2] Counsel for Allen Samuels has signed this Notice of Removal to indicate that consent.

## VI. <u>Conclusion</u>

This action is removable based on diversity jurisdiction. Therefore, FCA US requests that the above-captioned action be removed to the United States District Court for the Western District of Texas, Waco Division. FCA US reserves the right to supplement this Notice of Removal and requests the opportunity to brief and argue the merits of this removal prior to any remand.

Respectfully submitted,

By:     */s/ Kurt C. Kern*
Kurt C. Kern
State Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
Suzanne H. Swaner
State Bar No. 90001631
Suzanne.Swaner@bowmanandbrooke.com
Adam G. Bell
State Bar No. 24101500
Adam.Bell@bowmanandbrooke.com
**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Ste. 1000
Plano, TX 75024
Phone: (972) 616-1711
Fax: (972) 616-1701

and

Amy Bice Larson (application for admission forthcoming)
State Bar No. 24101125
larson@bsplaw.com
A. Lane Morrison (application for admission

---

[2] Notably, though removal usually "requires the consent of all co-defendants," "[i]n cases involving alleged improper or fraudulent joinder of parties, . . . application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal . . . is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Because "no other proper defendant exists" in this case, "there is no need to obtain the consent of the improperly or fraudulently joined defendants." *See id.* However, out of an abundance of caution, FCA US has obtained all co-defendants' consent to this removal.

forthcoming)
State Bar No. 24122924
morrison@bsplaw.com
Chelsea B. Robinson (application for
admission forthcoming)
robinson@bsplaw.com
State Bar No. 24121918
**BUSH SEYFERTH PLLC**
100 West Big Beaver Road, Ste. 400
Troy, MI 48084
Phone: (248) 822-7800
Fax: (248) 822-7001
*Attorneys for Defendant FCA US LLC*

## CONSENT TO REMOVAL

Defendant Allen Samuels consents to the removal of this action.

By:     */s/ Jon Paul Melton (with permission)*
        Jon Paul Melton
        jmelton@thompsoncoe.com
        Jacqueline R. Bolden
        jbolden@thompsoncoe.com
        **THOMPSON, COE, COUSINS &
        IRONS, L.L.P.**
        Plaza of the Americas
        700 N. Pearl Street, Twenty-Fifth Floor
        Dallas, Texas 75201-2832
        Telephone: (214) 871-8200
        *Attorneys for Defendant Allen Samuels
        Waco D C J, Inc. d/b/a Allen Samuels Dodge
        Chrysler Jeep Ram Fiat*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2021, I electronically filed the foregoing with the

Clerk of Court using the Court's CM/ECF system and a copy of the foregoing was served upon

the following parties and/or counsel of record in this proceeding by electronic mail.

Robert E. Ammons
Texas Bar No. 01159820
rob@ammonslaw.com
John B. Gsanger
Texas Bar No. 00786662

john@ammonslaw.com
**THE AMMONS LAW FIRM, L.L.P.**
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: (713) 523-1606
Facsimile: (713) 523-4159

and

M. Raymond Hatcher, II
Texas Bar No. 24002243
rhatcher@sloanfirm.com
**SLOAN HATCHER PERRY RUNGE ROBERTSON SMITH & JONES LAW FIRM**
101 East Whaley Street
Longview, Texas 75601
Telephone: (800) 730-0099
Facsimile: (903) 757-7574

and

James R. Dunnam
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
jimdunnam@dunnamlaw.com
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
***Attorneys for Plaintiff Mary M. Gray***


Jon Paul Melton
jmelton@thompsoncoe.com
Jacqueline R. Bolden
jbolden@thompsoncoe.com
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
***Attorneys for Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat***


> */s/ Kurt C. Kern*
> Kurt C. Kern

 CT Corporation

**Service of Process Transmittal**
09/30/2021
CT Log Number 540337375

**TO:** Melissa Gravlin
Fca US LLC
1000 CHRYSLER DR OFC OF
AUBURN HILLS, MI 48326-2766

**RE:** **Process Served in Texas**

**FOR:** FCA US LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARY M. GRAY // To: FCA US LLC |
| **DOCUMENT(S) SERVED:** | Citation, Return, First Amended Original Petition |
| **COURT/AGENCY:** | 170th Judicial District Court of McLennan County, TX<br>Case # 202122204 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - 2015 Dodge Journey SXT - VIN# 3C4PDCB7FT692059 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/30/2021 at 03:22 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation |
| **ATTORNEY(S) / SENDER(S):** | Robert E. Ammons<br>The Ammons Law Flrm, L.L.P.<br>3700 Montrose Boulevard<br>Houston, TX 77006<br>(713) 523-1606 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/30/2021, Expected Purge Date: 10/05/2021<br><br>Image SOP<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

**EXHIBIT 1 - Page 1**

 CT Corporation

**Service of Process Transmittal**
09/30/2021
CT Log Number 540337375

**TO:** Melissa Gravlin
Fca US LLC
1000 CHRYSLER DR OFC OF
AUBURN HILLS, MI 48326-2766

**RE:** **Process Served in Texas**

**FOR:** FCA US LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT 1 - Page 2**



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Thu, Sep 30, 2021

**Server Name:**                       Krystal Jones


Entity Served                          FCA US LLC

Case Number                            2021-2220-4

Jurisdiction                           TX



**EXHIBIT 1 - Page 3**

## CITATION

PAPER# 2
ATTY/MAIL

THE STATE OF TEXAS

Cause No: 2021-2220-4

TO: FCA US LLC, A DELAWARE LIMITED LIABILITY COMPANY, DEFENDANT - BY SERVING ITS REGISTERED AGENT, C T CORPORATION SYSTEM, AT 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201

GREETINGS:

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, and you are hereby served with a copy of Plaintiff's Discovery described below, to which you must file a written answer as required by law in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**MARY M. GRAY**                                                                    Plaintiff

VS.

**ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER**   Defendants
**JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION, AND FCA US LLC, A**
**DELAWARE LIMITED LIABILITY COMPANY**

Court: **170TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
Pleading File Date: **SEPTEMBER 9, 2021**
Discovery Requests: **REQUEST FOR DISCLOSURE**
Cause No: **2021-2220-4**

### NOTICE

*You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading and discovery, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **SEPTEMBER 13, 2021.**

**ROBERT E. AMMONS**                          Jon R. Gimble, District Clerk
**3700 MONTROSE BOULEVARD**                    501 Washington Ave., Suite 300 Annex
**HOUSTON, TEXAS 77006**                        Waco, McLennan County, Texas 76701
Attorney for Plaintiff

                                               By: _Paige Edmundson_, Deputy
**AND**                                             PAIGE EDMUNDSON

**M. RAYMOND HATCHER, II**
**101 EAST WHALEY STREET**
**LONGVIEW, TEXAS 75601**

**EXHIBIT 1 - Page 4**

· Attorney for Plaintiff

**AND**

**JAMES R. DUNNAM**
**4125 WEST WACO DRIVE**
**WACO, TEXAS 76710**
Attorney for Plaintiff

## RETURN OF SERVICE

Style: **MARY M. GRAY VS. ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION, AND FCA US LLC, A DELAWARE LIMITED LIABILITY COMPANY**
Cause No.: **2021-2220-4**
Court: **170TH JUDICIAL DISTRICT**
Paper#: **2**
Instrument(s) Served:  Pleading, **PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**, and Discovery, **REQUEST FOR DISCLOSURE**

Came to hand on the _____ day of _____, 20_____ at _____ o'clock _____M. and executed on the _____ day of _____, 20_____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____ o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading and discovery attached thereto, having first endorsed on such copy of said citation the date of delivery.

FEES:  Serving one (1) copy                    _____

Total $_____                        _____ County, Texas

                                              By _____

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.

"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

**EXHIBIT 1 - Page 5**

FILED
MCLENNAN COUNTY
9/9/2021 1:03 PM
JON R. GIMBLE
DISTRICT CLERK
Paige Edmundson

CAUSE NO. 2021-2220-4

| | | |
|---|---|---|
| MARY M. GRAY | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | McLENNAN COUNTY, TEXAS |
| ALLEN SAMUELS WACO D C J, INC. | § | |
| d/b/a ALLEN SAMUELS DODGE | § | |
| CHRYSLER JEEP RAM FIAT, et al. | § | |
| | § | |
| *Defendants* | § | 170th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff MARY M. GRAY, complaining of ALLEN SAMUELS WACO D

C J, INC. d/b/a ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT and FCA US LLC,

Defendants, and for cause of action would show the Court the following:

### DISCOVERY-CONTROL PLAN

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff will proceed with discovery under a Level 3 Discovery Control Plan.

### PARTIES

2. Plaintiff is an individual currently residing in Florida.

3. Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat (hereinafter referred to as "Allen Samuels") is a Texas for-profit corporation with its principal place of business in Texas. Defendant Allen Samuels has appeared and is properly before this Court.

4. Defendant FCA US LLC (hereinafter referred to as "Chrysler") is a Delaware limited liability company doing business in the State of Texas and can be served with process through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**EXHIBIT 1 - Page 6**

## JURISDICTION AND VENUE

5.       This Court has jurisdiction because Plaintiff's damages exceed the minimum jurisdictional requirements of this Court.

6.       Venue is proper and maintainable in McLennan County, Texas since Defendant Allen Samuel's principal place of business is in said county and the events made the basis of this lawsuit occurred in McLennan County, Texas.

## FACTUAL BACKGROUND

7.       This is a negligence and strict products liability case in which Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment for all other relief to which Plaintiff is entitled.

8.       On March 23, 2020, Plaintiff Mary M. Gray had her 2015 Dodge Journey SXT (VIN# 3C4PDCB7FT692059) (the "Dodge Journey") serviced at Defendant Allen Samuels' dealership located at 201 West Loop 340, Waco, Texas 76712. During this visit, Defendant Allen Samuels' replaced the catalytic converter and O2 sensors, as well as repaired the driver's side mirror.

9.       The following day, March 24, 2020, Plaintiff Mary M. Gray was driving the Dodge Journey in Lacy Lakeview, McLennan County, Texas when she was involved in a frontal impact collision.

10.      The Dodge Journey was manufactured with an airbag system designed to deploy in a frontal impact collision, however, the airbag system(s) failed to deploy in the collision.

11.      The collision impact was one in which a properly designed, manufactured, and serviced frontal impact airbag should have deployed. The photograph on the following page shows the damage to the Dodge Journey after the collision.

2

EXHIBIT 1 - Page 7



12.     According to the vehicle's event data recorder, the frontal impact at issue resulted in the
Dodge Journey undergoing a 19.7 mile per hour change of velocity in 166 milliseconds. Despite the
severity of the crash, the driver's seatbelt pretensioner and frontal airbag malfunctioned and failed to
deploy.

**BOSCH**  CDR CRASH DATA RETRIEVAL

### System Status at Event (Most Recent Event)

| | |
|---|---|
| Complete File Recorded | Yes |
| Ignition Cycle, Crash | 7183 |
| Safety Belt Status, Driver | Buckled |
| Safety Belt Status, Passenger | Not Buckled |
| Airbag Warning Lamp, On/Off | Off |
| Seat Track Position Switch, Foremost, Status, Driver | No |
| Seat Track Position Switch, Foremost, Status, Passenger | No |
| Maximum Delta-V, Longitudinal (MPH [km/h]) | -19.7 [-32] |
| Time, Maximum Delta-V, Longitudinal (msec) | 166 |
| Maximum Delta-V Lateral (MPH [km/h]) | -1.5 [-2] |
| Time, Maximum Delta-V, Lateral (msec) | 128 |

### Deployment Command Data (Most Recent Event)

| | |
|---|---|
| Frontal Airbag Deployment, 1st Stage, Driver | No |
| Frontal Airbag Deployment, 2nd Stage, Driver | No |
| Frontal Airbag Deployment, Time to First Stage Deployment, Driver (msec) | 0 |
| Frontal Airbag Deployment, Time to 2nd Stage Deployment from T0, Driver (msec) | 0 |
| Frontal Airbag Deployment, 1st Stage, Passenger | No |
| Frontal Airbag Deployment, 2nd Stage, Passenger | No |
| Frontal Airbag Deployment, Time to First Stage Deployment, Passenger (msec) | 0 |
| Frontal Airbag Deployment, Time to 2nd Stage Deployment from T0, Passenger (msec) | 0 |
| Knee Airbag Deployment, Driver | No |
| Buckle Pretensioner, Driver | No |
| Retractor Pretensioner, Driver | No |

EXHIBIT 1 - Page 8

13.     As a result of the pretensioner and airbag malfunction, Mary Gray suffered a brain bleed as well as a traumatic injury.

14.     Plaintiff's head and brain injuries are the specific type of injuries airbags and pretensioner seatbelts should mitigate.

15.     Plaintiff's injuries and damages described in this Petition were a direct and proximate result of the Dodge Journey's defects and malfunction for which Defendants are strictly liable and for which Plaintiff seeks judgment as set out below.

### FIRST CAUSE OF ACTION
### (NEGLIGENCE – DEFENDANT ALLEN SAMUELS)

16.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

17.     At all times mentioned in this Petition, Defendant Allen Samuels was in the business of marketing, selling, and distributing motor vehicles, including the Dodge Journey. Defendant Allen Samuels was a seller in the chain of distribution as it sold the Dodge Journey to Plaintiff.

18.     At the time the Dodge Journey was sold by Defendant Allen Samuels, the Dodge Journey contained one or more defects, which defects permitted Plaintiff to be seriously injured.

19.     During the frontal impact collision, the lack of airbag deployment allowed Plaintiff's head to contact interior components inside the Dodge Journey.

20.     The Dodge Journey was defective as marketed in that Defendant Allen Samuels failed to warn of the dangerous conditions of Dodge Journey vehicles and their lack of crashworthiness in a frontal impact collision as more fully described herein.

21.     Defendant Allen Samuels furnished the Dodge Journey without adequate warnings regarding its lack of crashworthiness.

4

EXHIBIT 1 - Page 9

22.     The unreasonably dangerous nature of the defects as outlined above creates a high probability that when the Dodge Journey is involved in frontal impact collisions, severe and permanent personal injuries will result.

23.     Plaintiff would show that Defendant Allen Samuels is vicariously liable for the negligent acts and omissions, of its agents, servants, and/or employees, acting in the course and scope of their respective employment, individually and/or collectively.

24.     As previously stated, the Dodge Journey was serviced by Defendant Allen Samuels less than 24 hours before the crash. Additionally, Defendant Allen Samuels serviced the Dodge Journey several times over the years.

25.     Plaintiff would plead and prove that Defendant Allen Samuels negligently undertook to inspect, test, and repair the frontal airbag system when it was brought in for service and maintenance.

26.     Defendant Allen Samuels knew, should have known, or discovered that the frontal airbag system was defective and/or malfunctioning when its employees inspected, tested, and repaired the Dodge Journey.

27.     Plaintiff reasonably relied upon Defendant Allen Samuels to carefully inspect, test, and repair the Dodge Journey in a proper manner and to follow proper industry standards when servicing the Dodge Journey.

28.     In its inspection and repair of the Dodge Journey, Defendant Allen Samuels owed Plaintiff a legal duty to ensure that the vehicle was free of mechanical defects as well as properly test the vehicle to determine whether the supplemental restraint systems worked properly.

29.     Defendant Allen Samuels failed in their safety commitment to the public, including Plaintiff, if and when they overlooked the defective state of Plaintiff's frontal airbag and restraint system.

5

EXHIBIT 1 - Page 10

30.    Defendant Allen Samuels knew that its customers, including Plaintiff, relied upon the Defendant to safely and properly perform services deemed reasonably necessary by the Defendant.

31.    Defendant Allen Samuels knew or should have known that failure to properly repair, inspect, and test the Dodge Journey would cause injury to other persons and/or the person driving the Dodge Journey, including Plaintiff.

32.    Defendant Allen Samuels' agents and employees acting in the scope of their agency and/or employment were negligent in their inspection and repair of the Dodge Journey and/or negligent in failing to warn Plaintiff of the danger.

33.    Plaintiff would show that Defendant Allen Samuels is vicariously liable for the negligent acts and omissions, of its agents and/or employees, acting in the course and scope of their respective employment.

34.    Plaintiff further claims, in the alternative, that a manufacturing defect was a producing cause of her injuries and damages. As further support for Plaintiff's manufacturing defect claims, Plaintiff provides notice of the intention to rely upon the Malfunction Doctrine (also known as the Malfunction Theory) as set forth in RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998). In this instance, it may be inferred that the harm sustained by Plaintiff was caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, because the incident that harmed Plaintiff: (a) was of the kind that ordinarily occurs as a result of a product defect; and (b) was not, in the particular case, solely the result of causes other than the product defect existing at the time of sale or distribution. RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).

## SECOND CAUSE OF ACTION
### (STRICT PRODUCT LIABILITY – DEFENDANT CHRYSLER)

35.    Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

6

**EXHIBIT 1 - Page 11**

36.     The 2015 Dodge Journey SXT (VIN# 3C4PDCB7FT692059) that Plaintiff was operating was designed, manufactured, assembled, marketed and sold by Chrysler. The Dodge Journey was unreasonably and dangerously defective in its design, manufacture and marketing. The Dodge Journey's supplemental restraint system was defectively designed and manufactured and such defects rendered the Dodge Journey unreasonably dangerous and unfit for its intended purpose and foreseeable use.

37.     The Dodge Journey was further defectively designed and manufactured in that it was not crashworthy rendering the Dodge Journey unreasonably dangerous and unsafe for its intended purpose. The defective nature of the vehicle and its supplemental restraint system were a proximate and producing cause of the severe injuries to Plaintiff, thus rendering Chrysler strictly liable.

38.     At the time the vehicle left the control of Chrysler, there were safer alternative designs for the Dodge Journey other than those which caused Plaintiff's injuries and damages as set forth herein. The safer alternative designs would have either prevented or significantly reduced the risk of serious and catastrophic injury without substantially impairing the vehicle's utility, and the safer alternative designs were economically and technologically feasible at all times relevant.

39.     The supplemental restraint system, including the frontal airbag for the driver's position, was defective and unreasonably dangerous in that it was inadequate to provide occupant restraint and injury prevention in foreseeable accidents.

40.     The Dodge Journey was defective as marketed in that Chrysler failed to warn of the dangerous conditions of Dodge Journey vehicles and their supplemental restraint systems as described more fully herein.

41.     The design of the Dodge Journey and its supplemental restraint system were defective and unreasonably dangerous in the following ways:

7

**EXHIBIT 1 - Page 12**

a.   The Dodge Journey's supplemental restraint system failed to perform safely during the crash sequence which exposed the driver to injury, allowing her head to violently accelerate toward the steering wheel;

b.   The supplemental restraint system in the Dodge Journey was improperly and inadequately tested by Defendant Chrysler; and

c.   The Dodge Journey was not crashworthy in collisions.

42.   Chrysler knew or should have known of a potential risk of harm presented by the defective design of the supplemental restraint system, but negligently marketed the vehicle with the design and marketing defects. The vehicle posed a risk of harm for the intended or reasonably anticipated use. Chrysler knew or should have reasonably foreseen the risk of harm at the time the vehicle was sold, and that the product possessed a marketing defect.

43.   Chrysler furnished the Dodge Journey without adequate warnings regarding its lack of crashworthiness in the event of a foreseeable accident. The failure to warn or instruct the drivers of its vehicles that its supplemental restraint systems contained unreasonably dangerous defects was the producing cause of Mary M. Gray's injuries. Chrysler's defective and/or negligent design, manufacturing and marketing of the vehicle were a proximate and producing cause of Plaintiff's injuries and damages.

44.   Plaintiff was not offered or afforded proper and adequate front occupant protection in the foreseeable collision made the basis of this lawsuit. In the crash at issue, the driver's frontal airbag failed to deploy, denying Plaintiff the necessary supplemental restraint, occupant protection and injury prevention she was owed. The non-deployment of the airbag resulted in Plaintiff's personal injuries.

45.   The Dodge Journey was also improperly and inadequately tested by Chrysler for crashworthiness, including in, but not limited to, collisions, supplemental restraint system performance, safety performance and front occupant protection performance in collisions.

8

EXHIBIT 1 - Page 13

46.     The defective nature of the Dodge Journey's supplemental restraint system and its uncrashworthiness in collisions, as set forth above, rendered the vehicle and its supplemental restraint system unreasonably dangerous and was a proximate and producing cause of Plaintiff's injuries and damages as specifically described herein. Plaintiff's severe injuries were proximately caused by the negligence of Chrysler in designing, manufacturing, testing, assembling, supplying, marketing, selling, instructing, managing product hazards and providing inadequate warnings for the Dodge Journey and its supplemental restraint system

47.     Plaintiff further claims, in the alternative, that a manufacturing defect was a producing cause of her personal injuries. As further support for Plaintiff's manufacturing defect claims, Plaintiff provides notice of intention to rely upon the Malfunction Doctrine (also known as the Malfunction Theory) as set forth in RESTATEMENT (THIRD) OF TORTS: PRODUCT LIABILITY § 3 (1998).

48.     In this instance, it may be inferred that the severe injuries sustained by Plaintiff were caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, because the injuries suffered by Plaintiff: (a) were of the kind that ordinarily occur as a result of a product defect; and (b) were not, in the particular case, solely the result of causes other than the product defect existing at the time of the sale or distribution. RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).

49.     Plaintiff further claims that marketing defects in the product were a producing cause of his injuries and damages.

### THIRD CAUSE OF ACTION
### (NEGLIGENCE – DEFENDANT CHRYSLER)

50.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

9

EXHIBIT 1 - Page 14

51.     The negligence of Chrysler, including its employees, managers and executives in the course and scope of their employment includes, but is not limited to, the following acts and/or omissions regarding the Dodge Journey and its supplemental restraint system:

    a.    Failing to warn consumers of the dangerous condition of the vehicle's supplemental restraint system as described more fully herein;

    b.    Failing to provide the occupants with a supplemental restraint system that is adequate to provide occupant protection and injury prevention in collisions;

    c.    Failing to properly and adequately perform tests to assess the occupant protection performance and effectiveness of the supplemental restraint system;

    d.    Failing to warn consumers of the dangerous condition of the vehicle being uncrashworthy in collisions;

    e.    Failing to provide occupants with a vehicle that is crashworthy in collisions;

    f.    Failing to properly and adequately perform tests to assess the crashworthiness of the vehicle in collisions so as to assess the occupant protection performance and effectiveness of the vehicle in such circumstances;

    g.    Failing to properly test the vehicle; and

    h.    Choosing to disregard and ignore generally accepted principles of hazard control ("design, guard and warn") as well as its obligation to hold the safety of the public paramount.

52.     Plaintiff suffered and continues to suffer injuries and damages because of Chrysler's negligence and gross negligence. At all relevant times, Chrysler owed a legal duty to Plaintiff. They owed a legal duty to exercise reasonable care in designing, manufacturing, assembling, testing, marketing and selling the 2015 Dodge Journey SXT, which was crashworthy and free of defects and would not present an unreasonable degree of potential harm or danger to others. Chrysler owed a legal duty to exercise reasonable care while Chrysler's employees performed their duties in the normal course and scope of their employment.

EXHIBIT 1 - Page 15

53.	Chrysler's negligence proximately caused Plaintiff's injuries, as well as Plaintiff's damages through the enumerated wrongful acts and/or omissions.

54.	Each of the above negligent acts and omissions of Chrysler, whether taken singularly or in combination, were a direct, proximate, and producing cause of the injuries to Plaintiff and Plaintiff's damages that are described below. Accordingly, due to Chrysler's wrongful acts, carelessness, unskillfulness, negligence and gross negligence, Chrysler should be held liable for Plaintiff's injuries and damages.

55.	Plaintiff would show that Chrysler is vicariously liable for the negligent acts and omissions, jointly and severally, by and through its agents, servants, and/or employees, acting in the course and scope of their respective employment, individually and/or collectively.

<h3 style="text-align:center">DAMAGES</h3>

56.	Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

57.	As a result of the actions and conduct of Defendants as set forth above, Plaintiff Mary M. Gray has suffered substantial injuries for which she seeks recovery from Defendant Allen Samuels and Defendant Chrysler.

58.	Plaintiff Mary M. Gray seeks personal injury damages in amounts the Court deems to be fair and reasonable including damages for past and future physical pain and mental anguish, past and future disfigurement, past and future physical impairment, and past and future medical care and expenses.

11

<strong>EXHIBIT 1 - Page 16</strong>

## RESERVATION OF RIGHTS

59.     These allegations against Defendant Allen Samuels and Defendant Chrysler are made acknowledging that this lawsuit is still in its early stages, and investigation and discovery, although undertaken, are continuing.

60.     As further investigation and discovery are conducted, additional facts will surely be uncovered that may or probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to the case or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## REQUIRED INITIAL DISCLOSURE

61.     Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## PRAYER

For these reasons, Plaintiff prays that upon trial hereof, said Plaintiff have and will recover damages as would reasonably and justly compensate them in accordance with the evidence, rules of law, and procedure. In addition, Plaintiff requests the award of attorney's fees and expenses, pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, both in law and in equity, to which Plaintiff may be justly entitled.

**EXHIBIT 1 - Page 17**

Respectfully submitted,

THE AMMONS LAW FIRM, L.L.P.

Robert E. Ammons
Texas Bar No. 01159820
John B. Gsanger
Texas Bar No. 00786662
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:     (713) 523-1606
Facsimile:     (713) 523-4159
E-mail:        rob@ammonslaw.com
E-mail:        john@ammonslaw.com

and

M. Raymond Hatcher, II
Texas Bar No. 24002243
SLOAN HATCHER PERRY RUNGE ROBERTSON
SMITH & JONES LAW FIRM
101 East Whaley Street
Longview, Texas 75601
Telephone:     (800) 730-0099
Facsimile:     (903) 7587-7574
E-mail:        rhatcher@sloanfirm.com

and

James R. Dunnam
DUNNAM & DUNNAM, L.L.P.
4125 West Waco Drive
Waco, Texas 76710
Telephone:     (254) 753-6437
Facsimile:     (254) 753-7434
E-mail:        jimdunnam@dunnamlaw.com

*ATTORNEYS FOR PLAINTIFF*

13

EXHIBIT 1 - Page 18

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via e-service on this the 9th day of September, 2021.

Jon Paul Melton                                                    *Via E-Service*
Jacqueline R. Bolden
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
*Counsel for Defendant Allen Samuels Waco D C J, Inc.*
*d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat*

ROBERT E. AMMONS / JOHN B. GSANGER

14

**EXHIBIT 1 - Page 19**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

**MARY M. GRAY,**

      *Plaintiff*,

**vs.**

                **Civil Action No. _____**

**ALLEN SAMUELS WACO D C J, INC.**
**d/b/a ALLEN SAMUELS DODGE**
**CHRYSLER JEEP RAM FIAT and**
**FCA US LLC,**

      *Defendants*.

*******************************
**STATE COURT DOCUMENT INDEX**
*******************************

**EXHIBIT 2 - Page 1**

**INDEX**

| | DATE | DOCUMENT NAME |
|---|---|---|
| 1. | 07-29-2021 | Plaintiff's Original Petition |
| 2. | 07-29-2021 | Request for Issuance |
| 3. | 07-30-2021 | Citation issued to Allen Samuels |
| 4. | 08-16-2021 | Return of Citation issued to Allen Samuels |
| 5. | 09-07-202 | Allen Samuels' Original Answer |
| 6. | 09-09-2021 | Plaintiff's First Amended Original Petition |
| 7. | 09-09-2021 | Request for Issuance |
| 8. | 09-132021 | Citation issued to FCA US, LLC |
| 9. | 10-01-2021 | Return of Citation issued to FCA US, LLC |
| 10. | 10-25-2021 | FCA US LLC's Original Answer to Plaintiff's First Amended Original Petition |

**EXHIBIT 2 - Page 2**

# MCLENNAN DISTRICT CLERK
**501 Washington Avenue , Suite 300 Annex**
**Waco , TX , 76701**
**PHONE # : (254) 757-5057**
**FAX : N/A**

## DOCKET SHEET - CIVIL CASE

**DOCKET NO. :**   2021-2220-4          **CASE STATUS :**   PENDING     **FILED DATE :** 07/29/2021       **TJC CODE :**   MOTOR VEHI

**STYLE :**   MARY M GRAY Vs. ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT

**DISPOSITION :**                                                **DISPOSED :**   N/A              **TJC CODE :**

| TYPE | PARTY | ATTORNEY |
|------|-------|----------|
| PLAINTIFF | MARY M GRAY | ROBERT E AMMONS |
| | 0 | 3700 MONTROSE BOULEVARD HOUSTON T |
| DEFENDAN | ALLEN SAMUELS WACO D C J, INC. | |
| | KEVIN SIX, RA WOODWAY TX 76712 | PLAZA OF AMERICAS DALLAS TX 75201 |
| DEFENDAN | FCA US LLC | |
| | C/O C T CORPORATION SYSTEM DALLAS TX 75201 | 0 |

**HEARING NOTES :**     2021-2220-4

| DATE | TEXT |
|------|------|
| 07/29/2021 | E-FILE INFORMATION SHEET |
| 07/29/2021 | PLAINTIFF'S ORIGINAL PETITION |
| 07/29/2021 | REQUEST FOR ISSUANCE |
| 07/29/2021 | E-FILE INFORMATION SHEET |
| 07/30/2021 | CITATION ISSUED TO ALLEN SAMUELS WACO D C J, INC. D/B/A |
| | ALLEN SAMUELS DODGE CHRY |
| 08/16/2021 | RETURNED CITATION ALLEN SAMUELS WACO D C J, INC. |
| 08/17/2021 | E-FILE INFORMATION SHEET |
| 09/07/2021 | DEFENDANT ALLEN SAMUELS WACO D CJ, INC., D/B/A ALLEN |
| | SAMUELS DODGE CHRYSLER JEEP RAM FIAT'S ORIGINAL ANSWER |
| 09/08/2021 | E-FILE INFORMATION SHEET |
| 09/09/2021 | PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION |
| 09/09/2021 | REQUEST FOR ISSUANCE |
| 09/09/2021 | E-FILE INFORMATION SHEET //PE (REQUEST) |
| 09/09/2021 | E-FILE INFORMATION SHEET |
| 09/13/2021 | CITATION ISSUED TO FCA US LLC |
| 10/01/2021 | RETURNED CITATION PCA US LLC |
| 10/04/2021 | E-FILE INFORMATION SHEET |

**EXHIBIT 2 - Page 3**

**MCLENNAN DISTRICT CLERK**
**501 Washington Avenue , Suite 300 Annex**
**Waco , TX , 76701**
**PHONE # : (254) 757-5057**
**FAX : N/A**

**DOCKET SHEET - CIVIL CASE**

**CASE NO. :**   2021-2220-4            **STYLE :**    MARY M GRAY Vs. ALLEN SAMUELS WAC

**DOCKET ENTRY**

**EXHIBIT 2 - Page 4**

**FILED**
**MCLENNAN COUNTY**
**7/29/2021 10:52 AM**
**JON R. GIMBLE**
**DISTRICT CLERK**
  Tiffany Madkins



# JON R. GIMBLE
## DISTRICT CLERK
**McLENNAN COUNTY COURTHOUSE**
**501 Washington Ave., Suite 300 Annex**
**WACO, TEXAS 76701**
**254-757-5057 OR 757-5054**

## REQUEST FOR ISSUANCE

CAUSE NUMBER: 2021-2220-4                    DATE: 07/29/2021

PERSON TO BE SERVED: Allen Samuels Waco D C J, Inc. c/o Kevin Six

ADDRESS TO SERVE: 201 West Loop 340, Waco, Texas 76712

FEES PAID BY:  CHECK ☐  CASH ☐  DEBIT ☐  OATH ☐  CREDIT CARD (INCLUDES PROCESSING FEE) ☑

**ISSUANCE:**

CITATION ☑                    NOTICE OF HEARING/CONTEMPT _____

TRO ☐                         PROTECTIVE ORDER ☐

WRIT OF (SPECIFY) ☐           OTHER (SPECIFY ) _____

**SERVICE:**

DELIVER TO ATTORNEY                 Robert E. Ammons

DELIVER TO CONSTABLE                _____

DELIVER TO PRIVATE PROCESS SERVER (SPECIFY)   _____

DELIVER TO SHERIFF                  _____

**REQUESTED BY:**
**(PLEASE PRINT)**

BY   Alicia R. Caballero

FIRM   The Ammons Law Firm, L.L.P.

CONTACT NO. (713) 523-1606

**EXHIBIT 2 - Page 5**

**FILED**
**MCLENNAN COUNTY**
**7/29/2021 9:50 AM**
**JON R. GIMBLE**
**DISTRICT CLERK**
Tiffany Madkins

CAUSE NO. ___2021-2220-4___

| | | |
|---|---|---|
| MARY M. GRAY | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | McLENNAN COUNTY, TEXAS |
| ALLEN SAMUELS WACO D C J, INC. | § | |
| d/b/a ALLEN SAMUELS DODGE | § | |
| CHRYSLER JEEP RAM FIAT | § | |
| | § | |
| *Defendant* | § | 170TH  JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff MARY M. GRAY,  complaining of ALLEN SAMUELS WACO D C J, INC. d/b/a ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT, Defendant, and for cause of action would show the Court the following:

### DISCOVERY-CONTROL PLAN

1.      Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff will proceed with discovery under a Level 3 Discovery Control Plan.

### PARTIES

2.      Plaintiff is an individual currently residing in Florida.

3.      Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat (hereinafter referred to as "Allen Samuels") is a Texas for-profit corporation with its principal place of business in Texas. Defendant Allen Samuels can be served with process through its registered agent, Kevin Six, 201 West Loop 340, Waco, Texas 76712.

**EXHIBIT 2 - Page 6**

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction because Plaintiff's damages exceed the minimum jurisdictional requirements of this Court.

5.      Venue is proper and maintainable in McLennan County, Texas since Defendant Allen Samuel's principal place of business is in said county and the events made the basis of this lawsuit occurred in McLennan County, Texas.

**FACTUAL BACKGROUND**

6.      This is a negligence case in which Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment for all other relief to which Plaintiff is entitled.

7.      On March 23, 2020, Plaintiff Mary M. Gray had her 2015 Dodge Journey SXT (VIN# 3C4PDCB7FT692059) (the "Dodge Journey") serviced at Defendant Allen Samuels' dealership located at 201 West Loop 340, Waco, Texas 76712. During this visit, Defendant Allen Samuels' replaced the catalytic converter and O2 sensors, as well as repaired the driver's side mirror.

8.      The following day, March 24, 2020, Plaintiff Mary M. Gray was driving the Dodge Journey in Lacy Lakeview, McLennan County, Texas when she was involved in a head-on collision.

9.      The Dodge Journey was manufactured with an airbag system designed to deploy in a head-on collision, however, the airbag system(s) failed to deploy in the collision.

10.     The collision impact was one in which a properly designed, manufactured, and serviced frontal impact airbag should have deployed. The photograph on the following page shows the damage to the Dodge Journey after the collision.

2

**EXHIBIT 2 - Page 7**



11.     According to the vehicle's event data recorder, the frontal impact at issue resulted in the Dodge Journey undergoing a 19.7 mile per hour change of velocity in 166 milliseconds. Despite the severity of the crash, the driver's seatbelt pretensioner and frontal airbag malfunctioned and failed to deploy.

**BOSCH**                                                   **CDR** *CRASH DATA* RETRIEVAL

### System Status at Event (Most Recent Event)

| | |
|---|---|
| Complete File Recorded | Yes |
| Ignition Cycle, Crash | 7183 |
| Safety Belt Status, Driver | Buckled |
| Safety Belt Status, Passenger | Not Buckled |
| Airbag Warning Lamp, On/Off | Off |
| Seat Track Position Switch, Foremost, Status, Driver | No |
| Seat Track Position Switch, Foremost, Status, Passenger | No |
| Maximum Delta-V Longitudinal (MPH [km/h]) | -19.7 [-32] |
| Time, Maximum Delta-V, Longitudinal (msec) | 166 |
| Maximum Delta-V Lateral (MPH [km/h]) | -1.5 [-2] |
| Time, Maximum Delta-V, Lateral (msec) | 128 |

### Deployment Command Data (Most Recent Event)

| | |
|---|---|
| Frontal Airbag Deployment, 1st Stage, Driver | No |
| Frontal Airbag Deployment, 2nd Stage, Driver | No |
| Frontal Airbag Deployment, Time to First Stage Deployment, Driver (msec) | 0 |
| Frontal Airbag Deployment, Time to 2nd Stage Deployment from T0, Driver (msec) | 0 |
| Frontal Airbag Deployment, 1st Stage, Passenger | No |
| Frontal Airbag Deployment, 2nd Stage, Passenger | No |
| Frontal Airbag Deployment, Time to First Stage Deployment, Passenger (msec) | 0 |
| Frontal Airbag Deployment, Time to 2nd Stage Deployment from T0, Passenger (msec) | 0 |
| Knee Airbag Deployment, Driver | No |
| Buckle Pretensioner, Driver | No |
| Retractor Pretensioner, Driver | No |

**EXHIBIT 2 - Page 8**

12.     As a result of the pretensioner and airbag malfunction, Mary Gray suffered a brain bleed as well as a traumatic injury.

13.     Plaintiff's head and brain injuries are the specific type of injuries airbags and frontal impact restraints should mitigate.

14.     Plaintiff's injuries and damages described in this Petition were a direct and proximate result of the Dodge Journey's defects and malfunction for which Defendant Allen Samuels is strictly liable and for which Plaintiff seeks judgment as set out below.

### FIRST CAUSE OF ACTION
**(NEGLIGENCE)**

15.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

16.     At all times mentioned in this Petition, Defendant Allen Samuels was in the business of marketing, selling, and distributing motor vehicles, including the Dodge Journey. Defendant Allen Samuels was a seller in the chain of distribution as it sold the Dodge Journey to Plaintiff.

17.     At the time the Dodge Journey was sold by Defendant Allen Samuels, the Dodge Journey contained one or more defects, which defects permitted Plaintiff to be seriously injured.

18.     During the head-on collision, the lack of airbag deployment allowed Plaintiff's head to contact interior components inside the Dodge Journey.

19.     The Dodge Journey was defective as marketed in that Defendant Allen Samuels failed to warn of the dangerous conditions of Dodge Journey vehicles and their lack of crashworthiness in a head-on collision as more fully described herein.

20.     Defendant Allen Samuels furnished the Dodge Journey without adequate warnings regarding its lack of crashworthiness.

4

**EXHIBIT 2 - Page 9**

21.     The unreasonably dangerous nature of the defects as outlined above creates a high probability that when the Dodge Journey is involved in head-on collisions, severe and permanent personal injuries will result.

22.     Plaintiff would show that Defendant Allen Samuels is vicariously liable for the negligent acts and omissions, of its agents, servants, and/or employees, acting in the course and scope of their respective employment, individually and/or collectively.

23.     As previously stated, the Dodge Journey was serviced by Defendant Allen Samuels less than 24 hours before the crash. Additionally, Defendant Allen Samuels serviced the Dodge Journey several times over the years.

24.     Plaintiff would plead and prove that Defendant Allen Samuels negligently undertook to inspect, test, and repair the frontal airbag system when it was brought in for service and maintenance.

25.     Defendant Allen Samuels knew, should have known, or discovered that the frontal airbag system was defective and/or malfunctioning when its employees inspected, tested, and repaired the Dodge Journey.

26.     Plaintiff reasonably relied upon Defendant Allen Samuels to carefully inspect, test, and repair the Dodge Journey in a proper manner and to follow proper industry standards when servicing the Dodge Journey.

27.     In its inspection and repair of the Dodge Journey, Defendant Allen Samuels owed Plaintiff a legal duty to ensure that the vehicle was free of mechanical defects as well as properly test the vehicle to determine whether the supplemental restraint systems worked properly.

28.     Defendant Allen Samuels failed in their safety commitment to the public, including Plaintiff, when they overlooked the defective state of Plaintiff's frontal airbag and restraint system.

**EXHIBIT 2 - Page 10**

29.     Defendant Allen Samuels knew that its customers, including Plaintiff, relied upon the Defendant to safely and properly perform services deemed reasonably necessary by the Defendant.

30.     Defendant Allen Samuels knew or should have known that failure to properly repair, inspect, and test the Dodge Journey would cause injury to other persons and/or the person driving the Dodge Journey, including Plaintiff.

31.     Defendant Allen Samuels' agents and employees acting in the scope of their agency and/or employment were negligent in their inspection and repair of the Dodge Journey.

32.     Plaintiff would show that Defendant Allen Samuels is vicariously liable for the negligent acts and omissions, of its agents and/or employees, acting in the course and scope of their respective employment.

33.     Plaintiff further claims, in the alternative, that a manufacturing defect was a producing cause of her injuries and damages. As further support for Plaintiff's manufacturing defect claims, Plaintiff provides notice of the intention to rely upon the Malfunction Doctrine (also known as the Malfunction Theory) as set forth in RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).   In this instance, it may be inferred that the harm sustained by Plaintiff was caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, because the incident that harmed Plaintiff: (a) was of the kind that ordinarily occurs as a result of a product defect; and (b) was not, in the particular case, solely the result of causes other than the product defect existing at the time of sale or distribution.  RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).

## DAMAGES

34.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

**EXHIBIT 2 - Page 11**

35.     As a result of the actions and conduct of Defendant as set forth above, Plaintiff Mary M. Gray has suffered substantial injuries for which she seeks recovery from Defendant Allen Samuels.

36.     Plaintiff Mary M. Gray seeks personal injury damages in amounts the Court deems to be fair and reasonable including damages for past and future physical pain and mental anguish, past and future disfigurement, past and future physical impairment, and past and future medical care and expenses.

### RESERVATION OF RIGHTS

37.     These allegations against Defendant Allen Samuels are made acknowledging that this lawsuit is still in its early stages, and investigation and discovery, although undertaken, are continuing.

38.     As further investigation and discovery are conducted, additional facts will surely be uncovered that may or probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to the case or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

### REQUIRED INITIAL DISCLOSURE

39.     Pursuant to Texas Rule of Civil Procedure 194(a), Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

### PRAYER

For these reasons, Plaintiff prays that upon trial hereof, said Plaintiff have and will recover damages as would reasonably and justly compensate them in accordance with the evidence, rules of law, and procedure. In addition, Plaintiff requests the award of attorney's fees and expenses, pre-

**EXHIBIT 2 - Page 12**

judgment and post-judgment interest as allowed by law, and for any other and further relief, both in

law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE AMMONS LAW FIRM, L.L.P.**


Robert E. Ammons
Texas Bar No. 01159820
John B. Gsanger
Texas Bar No. 00786662
Kyle C. Steingreaber
Texas Bar No. 24110406
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:     (713) 523-1606
Facsimile:     (713) 523-4159
E-mail:        rob@ammonslaw.com
E-mail:        john@ammonslaw.com
E-mail:        kyle.steingreaber@ammonslaw.com

and

M. Raymond Hatcher, II
Texas Bar No. 24002243
**SLOAN HATCHER PERRY RUNGE ROBERTSON
SMITH & JONES LAW FIRM**
101 East Whaley Street
Longview, Texas 75601
Telephone:     (800) 730-0099
Facsimile:     (903) 7587-7574
E-mail:        rhatcher@sloanfirm.com

***ATTORNEYS FOR PLAINTIFF***

8

**EXHIBIT 2 - Page 13**

Envelope Details                                                                                            Page 1 of 2

Print this page

## Case # 2021-2220-4 - MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT (170TH)

**Case Information**

| | |
|---|---|
| Location | McLennan County - District Clerk |
| Date Filed | 7/29/2021 9:50 AM |
| Case Number | 2021-2220-4 |
| Case Description | MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT |
| Assigned to Judge | 170TH |
| Attorney | Robert Ammons |
| Firm Name | Ammons Law Firm |
| Filed By | Alicia Caballero |
| Filer Type | Not Applicable |
| Damages Sought | Monetary relief over $1,000,000 |

**Fees**

| | |
|---|---|
| Convenience Fee | $8.61 |
| Total Court Case Fees | $298.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $306.61 |

**Payment**

| | |
|---|---|
| Account Name | VISA [ALF] |
| Transaction Amount | $306.61 |
| Transaction Response | Approved |
| Transaction ID | 81999201 |
| Order # | 055727998-1 |

**Petition**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition |

**EXHIBIT 2 - Page 14**

Envelope Details                                                                    Page 2 of 2

Motion Code
Filing Description                          Plaintiff's Original Petition
Reference Number
Comments
Status                                      Accepted
Accepted Date                               7/29/2021 10:43 AM
**Fees**
Court Fee                          $0.00
Service Fee                        $0.00
**Documents**
*Lead Document*          2021.07.29 PLTFs Orig Pet.pdf          [Original]   [Transmitted]


**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Robert E. Ammons rob@ammonslaw.com | The Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Alicia Renee Caballero alicia.caballero@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| John Gsanger john@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Kyle Calvin kyle@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 7/29/2021 9:51 AM |
| Kyle C. Steingreaber kyle.steingreaber@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 7/29/2021 9:53 AM |
| Milton Raymond Hatcher rhatcher@sloanfirm.com | | EServe | Sent | Yes | Not Opened |

**EXHIBIT 2 - Page 15**

Envelope Details                                                              Page 1 of 2

<u>Print this page</u>

## Case # 2021-2220-4 - MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT (170TH)

**Case Information**

| | |
|---|---|
| Location | McLennan County - District Clerk |
| Date Filed | 7/29/2021 10:52 AM |
| Case Number | 2021-2220-4 |
| Case Description | MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT |
| Assigned to Judge | 170TH |
| Attorney | |
| Firm Name | Ammons Law Firm |
| Filed By | Alicia Caballero |
| Filer Type | Not Applicable |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.46 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $16.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $16.46 |

**Payment**

| | |
|---|---|
| Account Name | VISA [ALF] |
| Transaction Amount | $16.46 |
| Transaction Response | Approved |
| Transaction ID | 82001192 |
| Order # | 055817257-0 |

---

**Request**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Request |
| Motion Code | |

**EXHIBIT 2 - Page 16**

Envelope Details                                                    Page 2 of 2

| | |
|---|---|
| Filing Description | Civil Process Request Form |
| Reference Number | |
| Comments | |
| Status | Accepted |
| Accepted Date | 7/29/2021 11:01 AM |
| **Fees** | |
| Court Fee | $16.00 |
| Service Fee | $0.00 |
| | |
| Optional Services | |
| Copies - Service | $8.00 (8 x $1.00) |
| Issue Citation | $8.00 |
| **Documents** | |
| *Lead Document* | 2021.07.29 Civil Process Rqst Form.pdf   [Original]  [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Robert E. Ammons rob@ammonslaw.com | The Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Milton Raymond Hatcher rhatcher@sloanfirm.com | | EServe | Sent | Yes | Not Opened |
| Alicia Renee Caballero alicia.caballero@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| John Gsanger john@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Kyle Calvin kyle@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Kyle C. Steingreaber kyle.steingreaber@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |

**EXHIBIT 2 - Page 17**

**CITATION**



PAPER# 1
ATTY/MAIL

**THE STATE OF TEXAS**

**Cause No: 2021-2220-4**

**TO:  ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION, DEFENDANT – BY SERVING ITS REGISTERED AGENT, KEVIN SIX, 201 WEST LOOP 340, WACO, TEXAS 76712**

**GREETINGS:**

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, and you are hereby served with a copy of Plaintiff's Discovery described below, to which you must file a written answer as required by law in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**MARY M. GRAY**                                             Plaintiff

VS.

**ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE
CHRYSLER JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION**          Defendant

Court:  **170TH JUDICIAL DISTRICT**
Pleading:  **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date:  **JULY 29, 2021**
Discovery Requests:  **REQUEST FOR DISCLOSURE**
Cause No:  **2021-2220-4**

*NOTICE*

*You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading and discovery, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date:  **JULY 30, 2021.**

**ROBERT E. AMMONS**                    Jon R. Gimble, District Clerk
**3700 MONTROSE BOULEVARD**             501 Washington Ave., Suite 300 Annex
**HOUSTON, TEXAS 77006**                Waco, McLennan County, Texas 76701
                                        By_____Deputy
**AND**                                        **NICHELLE MADDISON**

**M. RAYMOND HATCHER, II**
**101 E WHALEY STREET**
**LONGVIEW, TEXAS 75601**
Attorney's for Plaintiff



**EXHIBIT 2 - Page 18**

**RETURN OF SERVICE**

Style: **MARY M. GRAY VS. ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION**
Cause No.: **2021-2220-4**
Court: **170TH JUDICIAL DISTRICT**
Paper#: **1**
Instrument(s) Served: Pleading, **PLAINTIFF'S ORIGINAL PETITION**, and Discovery, **REQUEST FOR DISCLOSURE**

Came to hand on the _____ day of _____, 20_____ at _____o'clock _____M. and executed on the _____ day

of _____, 20_____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____o'clock ____M; in person, a true copy of this citation with a true and correct copy of the pleading and discovery

attached thereto, having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy          _____

Total $_____          _____ County, Texas
                 NO SHERIFF OR CONSTABLE
                 FEES COLLECTED          By _____

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.

"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

**EXHIBIT 2 - Page 19**

FILED
MCLENNAN COUNTY
8/16/2021 5:14 PM
JON R. GIMBLE
DISTRICT CLERK
ATTY/MAIL Nichelle Maddison

# CITATION

PAPER# 1

### THE STATE OF TEXAS

**Cause No: 2021-2220-4**

TO: ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION, DEFENDANT – BY SERVING ITS REGISTERED AGENT, KEVIN SIX, 201 WEST LOOP 340, WACO, TEXAS 76712

**GREETINGS:**

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, and you are hereby served with a copy of Plaintiff's Discovery described below, to which you must file a written answer as required by law in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**MARY M. GRAY**                                        Plaintiff

VS.

**ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE
CHRYSLER JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION**       Defendant

Court: **170TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date: **JULY 29, 2021**
Discovery Requests: **REQUEST FOR DISCLOSURE**
Cause No: **2021-2220-4**

### NOTICE

*You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading and discovery, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE**, at Waco, McLennan County, Texas.
Issue Date: **JULY 30, 2021.**

**ROBERT E. AMMONS
3700 MONTROSE BOULEVARD
HOUSTON, TEXAS 77006**

**AND**

**M. RAYMOND HATCHER, II
101 E WHALEY STREET
LONGVIEW, TEXAS 75601**
Attorney's for Plaintiff

Jon R. Gimble, District Clerk
501 Washington Ave., Suite 300 Annex
Waco, McLennan County, Texas 76701
By: *Nichelle Maddison*, Deputy
NICHELLE MADDISON



**EXHIBIT 2 - Page 20**

**RETURN OF SERVICE**

Style: **MARY M. GRAY VS. ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION**
Cause No.: **2021-2220-4**
Court: **170TH JUDICIAL DISTRICT**
Paper#: **1**
Instrument(s) Served: Pleading, **PLAINTIFF'S ORIGINAL PETITION**, and Discovery, **REQUEST FOR DISCLOSURE**

Came to hand on the _____ day of _____, 20_____ at _____o'clock _____M. and executed on the _____ day of _____, 20_____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading and discovery attached thereto, having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy                                  _____

Total $_____                                      _____ County, Texas
NO SHERIFF OR CONSTABLE
FEES COLLECTED          By _____

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.

See Attached Return of Service

"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

**EXHIBIT 2 - Page 21**

## 170th Judicial District Court of MCLENNAN County, Texas

Cause No.  2021-2220-4

Mary M. Gray

*Plaintiff.*

**Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat**

*Defendant.*

### AFFIDAVIT OF SERVICE
Corporation/Business

I, **Lewis L. Burks**, make statement to the fact, that I am a competent person more than 18 years of age or older and not a party to this action nor interested in the outcome of this suit.  I am a certified private process server authorized by the Judicial Branch Certification Commission of Texas and remain in good standing.  I received the document(s) stated below on **8/11/2021** at **3:57 PM** instructing for same to be delivered upon: **Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat by serving its Registered Agent, Kevin Six**

| | |
|---|---|
| That I delivered to: | Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat by serving its Registered Agent, Kevin Six |
| At the address of: | 201 West Loop 340, Woodway, TX 76712 located in the County of  McLennan |
| On this date and time: | 8/12/2021 at 9:15 AM |
| In the manner: | by personally delivering the document(s) to the AUTHORIZED PERSON, Kevin Six, Registered Agent. |
| The following document(s): | Citation; Plaintiff's Original Petition |

**Comments:**  *Document served in the lobby of Allen Samuels Dodge Chrysler Jeep Ram Fiat.*

**DESCRIPTION:**
Gender: Male Race/Skin: Caucasian Age: 58 Weight: 280 Height: 6-00 Hair: Black/Gray Other:

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing paper are true, correct, and within my personal knowledge.

Lewis L. Burks: PSC-3404, Exp. 12/31/2021

SUBSCRIBED AND SWORN TO BY Lewis L. Burks on this _16th_ day of _August_, 2021, to attest witnesses my hand and seal of office.

Notary Public, State of Texas

Service Fee: $ _90.00_

Ammons Law Firm
Job ID#: 2101730
Ref#:

BRENDA ATTEBERRY
Notary Public, State of Texas
Comm. Expires 08-16-2023
Notary ID 10275070

**EXHIBIT 2 - Page 22**

Envelope Details

Print this page

# Case # 2021-2220-4 - MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT (170TH)

### Case Information

| | |
|---|---|
| Location | McLennan County - District Clerk |
| Date Filed | 8/16/2021 5:14 PM |
| Case Number | 2021-2220-4 |
| Case Description | MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT |
| Assigned to Judge | 170TH |
| Attorney | |
| Firm Name | |
| Filed By | Katherine Burrow |
| Filer Type | Not Applicable |

### Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $0.00 |

### Payment

| | |
|---|---|
| Account Name | CITI - KBMB |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 82773748 |
| Order # | |

### No Fee Documents

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | No Fee Documents |
| Motion Code | |

**EXHIBIT 2 - Page 23**

Envelope Details                                                                    Page 2 of 2

Filing Description                          Allen Samuels Waco D C J, Inc. d/b/a Allen
                                            Samuels Dodge Chrysler Jeep Ram Fiat -
                                            Citation/ROS
Reference Number
Comments                                    Thank you.
Courtesy Copies                             bjatteberry@centexlitigation.com
Status                                      Accepted
Accepted Date                               8/17/2021 9:34 AM
**Fees**
Court Fee                                   $0.00
Service Fee                                 $0.00
**Documents**
                            Allen Samuels Waco D C J Inc dba Allen
*Lead Document*             Samuels Dodge Chrysler Jeep Ram Fiat -      [Original] [Transmitted]
                            CIT.pdf


**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Robert E. Ammons rob@ammonslaw.com | The Ammons Law Firm | EServe | Sent | Yes | 8/16/2021 6:16 PM |
| Milton Raymond Hatcher rhatcher@sloanfirm.com | | EServe | Sent | Yes | 8/16/2021 6:28 PM |
| Alicia Renee Caballero alicia.caballero@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 8/17/2021 9:50 AM |
| John Gsanger john@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Kyle Calvin kyle@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Kyle C. Steingreaber kyle.steingreaber@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 8/16/2021 5:15 PM |

**EXHIBIT 2 - Page 24**

FILED
MCLENNAN COUNTY
9/7/2021 9:23 AM
JON R. GIMBLE
DISTRICT CLERK
Rosa Perez

CAUSE NO. 2021-2220-4

| | | |
|---|---|---|
| **MARY M. GRAY** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **McLENNAN COUNTY, TEXAS** |
| **ALLEN SAMUELS WACO D C J, INC.** | § | |
| **d/b/a ALLEN SAMUELS DODGE** | § | |
| **CHRYSLER JEEP RAM FIAT** | § | |
| | § | |
| **Defendant.** | § | **170TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |

---

### DEFENDANT ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT'S ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat (hereinafter referred to as "Defendant") in the above-styled and numbered cause and files this Original Answer to Plaintiff's First Amended Petition and, in support thereof, would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Defendant generally denies each and every, all and singular, the allegations contained in Plaintiff's First Amended Petition and all subsequent filings and, since they are allegations of fact, demands strict proof thereof by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

**DEFENDANT'S ORIGINAL ANSWER**                                         **PAGE 1**

**EXHIBIT 2 - Page 25**

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat respectfully prays Plaintiff take nothing by her suit herein and for all other relief to which Defendant may show themselves justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   /s/ Jon Paul Melton
      Jon Paul Melton
      State Bar No. 24065733
      Jacqueline R. Bolden
      State Bar. No. 54115065


Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone:  (214) 880-2642
E-Mail: jmelton@thompsoncoe.com
        jbolden@thompsoncoe.com

**COUNSEL FOR DEFENDANT ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT**

**DEFENDANT'S ORIGINAL ANSWER**                                    **PAGE 2**

**EXHIBIT 2 - Page 26**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2021 a true and correct copy of the foregoing documents was delivered to Plaintiff's counsel of record in accordance with the Texas Rules of Civil Procedure:

Robert E. Ammons
State Bar No. 01159820
John B. Gsanger
State Bar No. 00786662
Kyle  C. Steingreaber
State Bar No. 24110406
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
rob@ammonslaw.com
john@ammonslaw.com
kyle.steingreaber@aamonslaw.com


And,

M. Raymond Hatcher, II
State Bar No. 24002243
SLOAN HATCHER PERRY RUNGE ROBERTSON SMITH & JONES LAW FIRM
101 East Whaley Street
Longview, Texas 75601
rhatcher@sloanfirm.com

***Attorneys for Plaintiff***

*/s/ Jon Paul Melton*
Jon Paul Melton
Jacqueline R. Bolden

**EXHIBIT 2 - Page 27**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrea Wilson on behalf of Jon Melton
Bar No. 24065733
awilson@thompsoncoe.com
Envelope ID: 56989254
Status as of 9/7/2021 10:45 AM CST

Associated Case Party: MaryM.Gray

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert E.Ammons | | rob@ammonslaw.com | 9/7/2021 9:23:39 AM | SENT |
| Milton Raymond Hatcher | 24002243 | rhatcher@sloanfirm.com | 9/7/2021 9:23:39 AM | SENT |
| Alicia ReneeCaballero | | alicia.caballero@ammonslaw.com | 9/7/2021 9:23:39 AM | SENT |
| John Gsanger | | john@ammonslaw.com | 9/7/2021 9:23:39 AM | SENT |
| Kyle Calvin | | kyle@ammonslaw.com | 9/7/2021 9:23:39 AM | SENT |
| Kyle C.Steingreaber | | kyle.steingreaber@ammonslaw.com | 9/7/2021 9:23:39 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jon Melton | | jmelton@thompsoncoe.com | 9/7/2021 9:23:39 AM | SENT |
| Andrea Wilson | | awilson@thompsoncoe.com | 9/7/2021 9:23:39 AM | SENT |
| Jacqueline Bolden | | jbolden@thompsoncoe.com | 9/7/2021 9:23:39 AM | SENT |
| Elizabeth Verweij | | everweij@thompsoncoe.com | 9/7/2021 9:23:39 AM | SENT |
| Nancy Shastid | | nshastid@thompsoncoe.com | 9/7/2021 9:23:39 AM | SENT |

**EXHIBIT 2 - Page 28**

Envelope Details                                          Page 1 of 3

Print this page

# Case # 2021-2220-4 - MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT (170TH)

### Case Information

| | |
|---|---|
| Location | McLennan County - District Clerk |
| Date Filed | 9/7/2021 9:23 AM |
| Case Number | 2021-2220-4 |
| Case Description | MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT |
| Assigned to Judge | 170TH |
| Attorney | Jon Melton |
| Firm Name | Thompson Coe Cousins & Irons LLP |
| Filed By | Andrea Wilson |
| Filer Type | Not Applicable |

### Fees

| | |
|---|---|
| Convenience Fee | $0.12 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $3.99 |
| Total Provider Tax Fees | $0.33 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $4.44 |

### Payment

| | |
|---|---|
| Account Name | FileTime Platinum Card |
| Transaction Amount | $4.44 |
| Transaction Response | Approved |
| Transaction ID | 83698548 |
| Order # | 056989254-0 |

### Answer/Response

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Answer/Response |
| Motion Code | |

**EXHIBIT 2 - Page 29**

Envelope Details                                                    Page 2 of 3

| Filing Description | Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat's Original Answer |
|---|---|
| Reference Number | 4380736 |
| Comments | |
| Status | Accepted |
| Accepted Date | 9/7/2021 10:45 AM |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |
| *Lead Document* | Def's Original Answer.pdf    [Original]    [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Robert E. Ammons rob@ammonslaw.com | The Ammons Law Firm | EServe | Sent | Yes | 9/7/2021 9:59 AM |
| Milton Raymond Hatcher rhatcher@sloanfirm.com | | EServe | Sent | Yes | 9/7/2021 2:20 PM |
| Alicia Renee Caballero alicia.caballero@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| John Gsanger john@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Kyle Calvin kyle@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 9/7/2021 9:28 AM |
| Kyle C. Steingreaber kyle.steingreaber@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 9/7/2021 9:26 AM |
| Jon Melton jmelton@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Andrea Wilson awilson@thompsoncoe.com | | EServe | Sent | Yes | Not Opened |
| Jacqueline Bolden jbolden@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Elizabeth Verweij everweij@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Nancy Shastid nshastid@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |

**EXHIBIT 2 - Page 30**

**FILED**
**MCLENNAN COUNTY**
**9/9/2021 1:44 PM**
**JON R. GIMBLE**
**DISTRICT CLERK**

Paige Edmundson



# JON R. GIMBLE
## DISTRICT CLERK
**McLENNAN COUNTY COURTHOUSE**
**501 Washington Ave., Suite 300 Annex**
**WACO, TEXAS 76701**
**254-757-5057 OR 757-5054**

## REQUEST FOR ISSUANCE

CAUSE NUMBER: 2021-2220-4          DATE: 09/09/2021

PERSON TO BE SERVED: FCA US LLC c/o C T Corporation System

ADDRESS TO SERVE: 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136

FEES PAID BY:  CHECK ☐  CASH ☐  DEBIT ☐  OATH ☐  CREDIT CARD (INCLUDES PROCESSING FEE) ☑

**ISSUANCE:**

CITATION ☑                     NOTICE OF HEARING/CONTEMPT _____

TRO ☐                          PROTECTIVE ORDER ☐

WRIT OF (SPECIFY) ☐            OTHER (SPECIFY ) _____

**SERVICE:**

DELIVER TO ATTORNEY                    Robert E. Ammons

DELIVER TO CONSTABLE                   _____

DELIVER TO PRIVATE PROCESS SERVER (SPECIFY)   _____

DELIVER TO SHERIFF                     _____

**REQUESTED BY:**
**(PLEASE PRINT)**

BY      Alicia R. Caballero

FIRM    The Ammons Law Firm, L.L.P.

CONTACT NO. (713) 523-1606

**EXHIBIT 2 - Page 31**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alicia Caballero on behalf of Robert Ammons
Bar No. 01159820
alicia.caballero@ammonslaw.com
Envelope ID: 57095096
Status as of 9/9/2021 2:17 PM CST

Associated Case Party: MaryM.Gray

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert E.Ammons | | rob@ammonslaw.com | 9/9/2021 1:44:01 PM | SENT |
| Milton Raymond Hatcher | 24002243 | rhatcher@sloanfirm.com | 9/9/2021 1:44:01 PM | SENT |
| Alicia ReneeCaballero | | alicia.caballero@ammonslaw.com | 9/9/2021 1:44:01 PM | SENT |
| John Gsanger | | john@ammonslaw.com | 9/9/2021 1:44:01 PM | SENT |
| Kyle Calvin | | kyle@ammonslaw.com | 9/9/2021 1:44:01 PM | SENT |
| Kyle C.Steingreaber | | kyle.steingreaber@ammonslaw.com | 9/9/2021 1:44:01 PM | SENT |

Associated Case Party: Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jon Melton | | jmelton@thompsoncoe.com | 9/9/2021 1:44:01 PM | SENT |
| Elizabeth Verweij | | everweij@thompsoncoe.com | 9/9/2021 1:44:01 PM | SENT |
| Jacqueline Bolden | | jbolden@thompsoncoe.com | 9/9/2021 1:44:01 PM | SENT |
| Nancy Shastid | | nshastid@thompsoncoe.com | 9/9/2021 1:44:01 PM | SENT |
| Andrea Wilson | | awilson@thompsoncoe.com | 9/9/2021 1:44:01 PM | SENT |

**EXHIBIT 2 - Page 32**

**FILED**
**MCLENNAN COUNTY**
**9/9/2021 1:03 PM**
**JON R. GIMBLE**
**DISTRICT CLERK**
Paige Edmundson

CAUSE NO. 2021-2220-4

| | | |
|---|---|---|
| MARY M. GRAY | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | McLENNAN COUNTY, TEXAS |
| ALLEN SAMUELS WACO D C J, INC. | § | |
| d/b/a ALLEN SAMUELS DODGE | § | |
| CHRYSLER JEEP RAM FIAT, et al. | § | |
| | § | |
| *Defendants* | § | 170th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff MARY M. GRAY, complaining of ALLEN SAMUELS WACO D

C J, INC. d/b/a ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT and FCA US LLC,

Defendants, and for cause of action would show the Court the following:

### DISCOVERY-CONTROL PLAN

1.      Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff will proceed with

discovery under a Level 3 Discovery Control Plan.

### PARTIES

2.      Plaintiff is an individual currently residing in Florida.

3.      Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram

Fiat (hereinafter referred to as "Allen Samuels") is a Texas for-profit corporation with its principal

place of business in Texas. Defendant Allen Samuels has appeared and is properly before this Court.

4.      Defendant FCA US LLC (hereinafter referred to as "Chrysler") is a Delaware limited liability

company doing business in the State of Texas and can be served with process through its registered

agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**EXHIBIT 2 - Page 33**

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction because Plaintiff's damages exceed the minimum jurisdictional requirements of this Court.

6.      Venue is proper and maintainable in McLennan County, Texas since Defendant Allen Samuel's principal place of business is in said county and the events made the basis of this lawsuit occurred in McLennan County, Texas.

**FACTUAL BACKGROUND**

7.      This is a negligence and strict products liability case in which Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment for all other relief to which Plaintiff is entitled.

8.      On March 23, 2020, Plaintiff Mary M. Gray had her 2015 Dodge Journey SXT (VIN# 3C4PDCB7FT692059) (the "Dodge Journey") serviced at Defendant Allen Samuels' dealership located at 201 West Loop 340, Waco, Texas 76712. During this visit, Defendant Allen Samuels' replaced the catalytic converter and O2 sensors, as well as repaired the driver's side mirror.

9.      The following day, March 24, 2020, Plaintiff Mary M. Gray was driving the Dodge Journey in Lacy Lakeview, McLennan County, Texas when she was involved in a frontal impact collision.

10.     The Dodge Journey was manufactured with an airbag system designed to deploy in a frontal impact collision, however, the airbag system(s) failed to deploy in the collision.

11.     The collision impact was one in which a properly designed, manufactured, and serviced frontal impact airbag should have deployed. The photograph on the following page shows the damage to the Dodge Journey after the collision.

**EXHIBIT 2 - Page 34**



12.    According to the vehicle's event data recorder, the frontal impact at issue resulted in the Dodge Journey undergoing a 19.7 mile per hour change of velocity in 166 milliseconds. Despite the severity of the crash, the driver's seatbelt pretensioner and frontal airbag malfunctioned and failed to deploy.

| BOSCH | CDR CRASH DATA RETRIEVAL |
|---|---|

### System Status at Event (Most Recent Event)

| | |
|---|---|
| Complete File Recorded | Yes |
| Ignition Cycle, Crash | 7183 |
| Safety Belt Status, Driver | Buckled |
| Safety Belt Status, Passenger | Not Buckled |
| Airbag Warning Lamp, On/Off | Off |
| Seat Track Position Switch, Foremost, Status, Driver | No |
| Seat Track Position Switch, Foremost, Status, Passenger | No |
| Maximum Delta-V Longitudinal (MPH [km/h]) | -19.7 [-32] |
| Time, Maximum Delta-V, Longitudinal (msec) | 166 |
| Maximum Delta-V Lateral (MPH [km/h]) | -1.5 [-2] |
| Time, Maximum Delta-V, Lateral (msec) | 128 |

### Deployment Command Data (Most Recent Event)

| | |
|---|---|
| Frontal Airbag Deployment, 1st Stage, Driver | No |
| Frontal Airbag Deployment, 2nd Stage, Driver | No |
| Frontal Airbag Deployment, Time to First Stage Deployment, Driver (msec) | 0 |
| Frontal Airbag Deployment, Time to 2nd Stage Deployment from T0, Driver (msec) | 0 |
| Frontal Airbag Deployment, 1st Stage, Passenger | No |
| Frontal Airbag Deployment, 2nd Stage, Passenger | No |
| Frontal Airbag Deployment, Time to First Stage Deployment, Passenger (msec) | 0 |
| Frontal Airbag Deployment, Time to 2nd Stage Deployment from T0, Passenger (msec) | 0 |
| Knee Airbag Deployment, Driver | No |
| Buckle Pretensioner, Driver | No |
| Retractor Pretensioner, Driver | No |

**EXHIBIT 2 - Page 35**

13.     As a result of the pretensioner and airbag malfunction, Mary Gray suffered a brain bleed as well as a traumatic injury.

14.     Plaintiff's head and brain injuries are the specific type of injuries airbags and pretensioner seatbelts should mitigate.

15.     Plaintiff's injuries and damages described in this Petition were a direct and proximate result of the Dodge Journey's defects and malfunction for which Defendants are strictly liable and for which Plaintiff seeks judgment as set out below.

### FIRST CAUSE OF ACTION
### (NEGLIGENCE – DEFENDANT ALLEN SAMUELS)

16.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

17.     At all times mentioned in this Petition, Defendant Allen Samuels was in the business of marketing, selling, and distributing motor vehicles, including the Dodge Journey. Defendant Allen Samuels was a seller in the chain of distribution as it sold the Dodge Journey to Plaintiff.

18.     At the time the Dodge Journey was sold by Defendant Allen Samuels, the Dodge Journey contained one or more defects, which defects permitted Plaintiff to be seriously injured.

19.     During the frontal impact collision, the lack of airbag deployment allowed Plaintiff's head to contact interior components inside the Dodge Journey.

20.     The Dodge Journey was defective as marketed in that Defendant Allen Samuels failed to warn of the dangerous conditions of Dodge Journey vehicles and their lack of crashworthiness in a frontal impact collision as more fully described herein.

21.     Defendant Allen Samuels furnished the Dodge Journey without adequate warnings regarding its lack of crashworthiness.

**EXHIBIT 2 - Page 36**

22.     The unreasonably dangerous nature of the defects as outlined above creates a high probability that when the Dodge Journey is involved in frontal impact collisions, severe and permanent personal injuries will result.

23.     Plaintiff would show that Defendant Allen Samuels is vicariously liable for the negligent acts and omissions, of its agents, servants, and/or employees, acting in the course and scope of their respective employment, individually and/or collectively.

24.     As previously stated, the Dodge Journey was serviced by Defendant Allen Samuels less than 24 hours before the crash. Additionally, Defendant Allen Samuels serviced the Dodge Journey several times over the years.

25.     Plaintiff would plead and prove that Defendant Allen Samuels negligently undertook to inspect, test, and repair the frontal airbag system when it was brought in for service and maintenance.

26.     Defendant Allen Samuels knew, should have known, or discovered that the frontal airbag system was defective and/or malfunctioning when its employees inspected, tested, and repaired the Dodge Journey.

27.     Plaintiff reasonably relied upon Defendant Allen Samuels to carefully inspect, test, and repair the Dodge Journey in a proper manner and to follow proper industry standards when servicing the Dodge Journey.

28.     In its inspection and repair of the Dodge Journey, Defendant Allen Samuels owed Plaintiff a legal duty to ensure that the vehicle was free of mechanical defects as well as properly test the vehicle to determine whether the supplemental restraint systems worked properly.

29.     Defendant Allen Samuels failed in their safety commitment to the public, including Plaintiff, if and when they overlooked the defective state of Plaintiff's frontal airbag and restraint system.

**EXHIBIT 2 - Page 37**

30.     Defendant Allen Samuels knew that its customers, including Plaintiff, relied upon the Defendant to safely and properly perform services deemed reasonably necessary by the Defendant.

31.     Defendant Allen Samuels knew or should have known that failure to properly repair, inspect, and test the Dodge Journey would cause injury to other persons and/or the person driving the Dodge Journey, including Plaintiff.

32.     Defendant Allen Samuels' agents and employees acting in the scope of their agency and/or employment were negligent in their inspection and repair of the Dodge Journey and/or negligent in failing to warn Plaintiff of the danger.

33.     Plaintiff would show that Defendant Allen Samuels is vicariously liable for the negligent acts and omissions, of its agents and/or employees, acting in the course and scope of their respective employment.

34.     Plaintiff further claims, in the alternative, that a manufacturing defect was a producing cause of her injuries and damages. As further support for Plaintiff's manufacturing defect claims, Plaintiff provides notice of the intention to rely upon the Malfunction Doctrine (also known as the Malfunction Theory) as set forth in RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).   In this instance, it may be inferred that the harm sustained by Plaintiff was caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, because the incident that harmed Plaintiff: (a) was of the kind that ordinarily occurs as a result of a product defect; and (b) was not, in the particular case, solely the result of causes other than the product defect existing at the time of sale or distribution.   RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).

### SECOND CAUSE OF ACTION
### (STRICT PRODUCT LIABILITY – DEFENDANT CHRYSLER)

35.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

**EXHIBIT 2 - Page 38**

36.     The 2015 Dodge Journey SXT (VIN# 3C4PDCB7FT692059) that Plaintiff was operating was designed, manufactured, assembled, marketed and sold by Chrysler. The Dodge Journey was unreasonably and dangerously defective in its design, manufacture and marketing. The Dodge Journey's supplemental restraint system was defectively designed and manufactured and such defects rendered the Dodge Journey unreasonably dangerous and unfit for its intended purpose and foreseeable use.

37.     The Dodge Journey was further defectively designed and manufactured in that it was not crashworthy rendering the Dodge Journey unreasonably dangerous and unsafe for its intended purpose. The defective nature of the vehicle and its supplemental restraint system were a proximate and producing cause of the severe injuries to Plaintiff, thus rendering Chrysler strictly liable.

38.     At the time the vehicle left the control of Chrysler, there were safer alternative designs for the Dodge Journey other than those which caused Plaintiff's injuries and damages as set forth herein. The safer alternative designs would have either prevented or significantly reduced the risk of serious and catastrophic injury without substantially impairing the vehicle's utility, and the safer alternative designs were economically and technologically feasible at all times relevant.

39.     The supplemental restraint system, including the frontal airbag for the driver's position, was defective and unreasonably dangerous in that it was inadequate to provide occupant restraint and injury prevention in foreseeable accidents.

40.     The Dodge Journey was defective as marketed in that Chrysler failed to warn of the dangerous conditions of Dodge Journey vehicles and their supplemental restraint systems as described more fully herein.

41.     The design of the Dodge Journey and its supplemental restraint system were defective and unreasonably dangerous in the following ways:

7

**EXHIBIT 2 - Page 39**

     a.     The Dodge Journey's supplemental restraint system failed to perform safely during the crash sequence which exposed the driver to injury, allowing her head to violently accelerate toward the steering wheel;

     b.     The supplemental restraint system in the Dodge Journey was improperly and inadequately tested by Defendant Chrysler; and

     c.     The Dodge Journey was not crashworthy in collisions.

42.     Chrysler knew or should have known of a potential risk of harm presented by the defective design of the supplemental restraint system, but negligently marketed the vehicle with the design and marketing defects. The vehicle posed a risk of harm for the intended or reasonably anticipated use. Chrysler knew or should have reasonably foreseen the risk of harm at the time the vehicle was sold, and that the product possessed a marketing defect.

43.     Chrysler furnished the Dodge Journey without adequate warnings regarding its lack of crashworthiness in the event of a foreseeable accident. The failure to warn or instruct the drivers of its vehicles that its supplemental restraint systems contained unreasonably dangerous defects was the producing cause of Mary M. Gray's injuries. Chrysler's defective and/or negligent design, manufacturing and marketing of the vehicle were a proximate and producing cause of Plaintiff's injuries and damages.

44.     Plaintiff was not offered or afforded proper and adequate front occupant protection in the foreseeable collision made the basis of this lawsuit. In the crash at issue, the driver's frontal airbag failed to deploy, denying Plaintiff the necessary supplemental restraint, occupant protection and injury prevention she was owed. The non-deployment of the airbag resulted in Plaintiff's personal injuries.

45.     The Dodge Journey was also improperly and inadequately tested by Chrysler for crashworthiness, including in, but not limited to, collisions, supplemental restraint system performance, safety performance and front occupant protection performance in collisions.

8

**EXHIBIT 2 - Page 40**

46.     The defective nature of the Dodge Journey's supplemental restraint system and its uncrashworthiness in collisions, as set forth above, rendered the vehicle and its supplemental restraint system unreasonably dangerous and was a proximate and producing cause of Plaintiff's injuries and damages as specifically described herein. Plaintiff's severe injuries were proximately caused by the negligence of Chrysler in designing, manufacturing, testing, assembling, supplying, marketing, selling, instructing, managing product hazards and providing inadequate warnings for the Dodge Journey and its supplemental restraint system

47.     Plaintiff further claims, in the alternative, that a manufacturing defect was a producing cause of her personal injuries. As further support for Plaintiff's manufacturing defect claims, Plaintiff provides notice of intention to rely upon the Malfunction Doctrine (also known as the Malfunction Theory) as set forth in RESTATEMENT (THIRD) OF TORTS: PRODUCT LIABILITY § 3 (1998).

48.     In this instance, it may be inferred that the severe injuries sustained by Plaintiff were caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, because the injuries suffered by Plaintiff: (a) were of the kind that ordinarily occur as a result of a product defect; and (b) were not, in the particular case, solely the result of causes other than the product defect existing at the time of the sale or distribution. RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).

49.     Plaintiff further claims that marketing defects in the product were a producing cause of his injuries and damages.

### THIRD CAUSE OF ACTION
### (NEGLIGENCE – DEFENDANT CHRYSLER)

50.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

**EXHIBIT 2 - Page 41**

51.     The negligence of Chrysler, including its employees, managers and executives in the course and scope of their employment includes, but is not limited to, the following acts and/or omissions regarding the Dodge Journey and its supplemental restraint system:

   a.     Failing to warn consumers of the dangerous condition of the vehicle's supplemental restraint system as described more fully herein;

   b.     Failing to provide the occupants with a supplemental restraint system that is adequate to provide occupant protection and injury prevention in collisions;

   c.     Failing to properly and adequately perform tests to assess the occupant protection performance and effectiveness of the supplemental restraint system;

   d.     Failing to warn consumers of the dangerous condition of the vehicle being uncrashworthy in collisions;

   e.     Failing to provide occupants with a vehicle that is crashworthy in collisions;

   f.     Failing to properly and adequately perform tests to assess the crashworthiness of the vehicle in collisions so as to assess the occupant protection performance and effectiveness of the vehicle in such circumstances;

   g.     Failing to properly test the vehicle; and

   h.     Choosing to disregard and ignore generally accepted principles of hazard control ("design, guard and warn") as well as its obligation to hold the safety of the public paramount.

52.     Plaintiff suffered and continues to suffer injuries and damages because of Chrysler's negligence and gross negligence. At all relevant times, Chrysler owed a legal duty to Plaintiff. They owed a legal duty to exercise reasonable care in designing, manufacturing, assembling, testing, marketing and selling the 2015 Dodge Journey SXT, which was crashworthy and free of defects and would not present an unreasonable degree of potential harm or danger to others. Chrysler owed a legal duty to exercise reasonable care while Chrysler's employees performed their duties in the normal course and scope of their employment.

EXHIBIT 2 - Page 42

53.     Chrysler's negligence proximately caused Plaintiff's injuries, as well as Plaintiff's damages through the enumerated wrongful acts and/or omissions.

54.     Each of the above negligent acts and omissions of Chrysler, whether taken singularly or in combination, were a direct, proximate, and producing cause of the injuries to Plaintiff and Plaintiff's damages that are described below. Accordingly, due to Chrysler's wrongful acts, carelessness, unskillfulness, negligence and gross negligence, Chrysler should be held liable for Plaintiff's injuries and damages.

55.     Plaintiff would show that Chrysler is vicariously liable for the negligent acts and omissions, jointly and severally, by and through its agents, servants, and/or employees, acting in the course and scope of their respective employment, individually and/or collectively.

**DAMAGES**

56.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

57.     As a result of the actions and conduct of Defendants as set forth above, Plaintiff Mary M. Gray has suffered substantial injuries for which she seeks recovery from Defendant Allen Samuels and Defendant Chrysler.

58.     Plaintiff Mary M. Gray seeks personal injury damages in amounts the Court deems to be fair and reasonable including damages for past and future physical pain and mental anguish, past and future disfigurement, past and future physical impairment, and past and future medical care and expenses.

**EXHIBIT 2 - Page 43**

**RESERVATION OF RIGHTS**

59.     These allegations against Defendant Allen Samuels and Defendant Chrysler are made acknowledging that this lawsuit is still in its early stages, and investigation and discovery, although undertaken, are continuing.

60.     As further investigation and discovery are conducted, additional facts will surely be uncovered that may or probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to the case or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

**REQUIRED INITIAL DISCLOSURE**

61.     Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

**PRAYER**

For these reasons, Plaintiff prays that upon trial hereof, said Plaintiff have and will recover damages as would reasonably and justly compensate them in accordance with the evidence, rules of law, and procedure. In addition, Plaintiff requests the award of attorney's fees and expenses, pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, both in law and in equity, to which Plaintiff may be justly entitled.

**EXHIBIT 2 - Page 44**

Respectfully submitted,

**THE AMMONS LAW FIRM, L.L.P.**

Robert E. Ammons
Texas Bar No. 01159820
John B. Gsanger
Texas Bar No. 00786662
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:      (713) 523-1606
Facsimile:      (713) 523-4159
E-mail:         rob@ammonslaw.com
E-mail:         john@ammonslaw.com

and

M. Raymond Hatcher, II
Texas Bar No. 24002243
**SLOAN HATCHER PERRY RUNGE ROBERTSON
SMITH & JONES LAW FIRM**
101 East Whaley Street
Longview, Texas 75601
Telephone:      (800) 730-0099
Facsimile:      (903) 7587-7574
E-mail:         rhatcher@sloanfirm.com

and

James R. Dunnam
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas 76710
Telephone:      (254) 753-6437
Facsimile:      (254) 753-7434
E-mail:         jimdunnam@dunnamlaw.com

*ATTORNEYS FOR PLAINTIFF*

13

**EXHIBIT 2 - Page 45**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via e-service on this the 9th day of September, 2021.

Jon Paul Melton                                              *Via E-Service*
Jacqueline R. Bolden
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
*Counsel for Defendant Allen Samuels Waco D C J, Inc.*
*d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat*

_____
ROBERT E. AMMONS / JOHN B. GSANGER

14

**EXHIBIT 2 - Page 46**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alicia Caballero on behalf of Robert Ammons
Bar No. 01159820
alicia.caballero@ammonslaw.com
Envelope ID: 57092478
Status as of 9/9/2021 1:40 PM CST

Associated Case Party: MaryM.Gray

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert E.Ammons | | rob@ammonslaw.com | 9/9/2021 1:03:38 PM | SENT |
| Milton Raymond Hatcher | 24002243 | rhatcher@sloanfirm.com | 9/9/2021 1:03:38 PM | SENT |
| Alicia ReneeCaballero | | alicia.caballero@ammonslaw.com | 9/9/2021 1:03:38 PM | SENT |
| John Gsanger | | john@ammonslaw.com | 9/9/2021 1:03:38 PM | SENT |
| Kyle Calvin | | kyle@ammonslaw.com | 9/9/2021 1:03:38 PM | SENT |
| Kyle C.Steingreaber | | kyle.steingreaber@ammonslaw.com | 9/9/2021 1:03:38 PM | SENT |

Associated Case Party: Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jon Melton | | jmelton@thompsoncoe.com | 9/9/2021 1:03:38 PM | SENT |
| Elizabeth Verweij | | everweij@thompsoncoe.com | 9/9/2021 1:03:38 PM | SENT |
| Jacqueline Bolden | | jbolden@thompsoncoe.com | 9/9/2021 1:03:38 PM | SENT |
| Nancy Shastid | | nshastid@thompsoncoe.com | 9/9/2021 1:03:38 PM | SENT |
| Andrea Wilson | | awilson@thompsoncoe.com | 9/9/2021 1:03:38 PM | SENT |

**EXHIBIT 2 - Page 47**

Envelope Details

Print this page

# Case # 2021-2220-4 - MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT (170TH)

**Case Information**

| | |
|---|---|
| Location | McLennan County - District Clerk |
| Date Filed | 9/9/2021 1:44 PM |
| Case Number | 2021-2220-4 |
| Case Description | MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT |
| Assigned to Judge | 170TH |
| Attorney | Robert Ammons |
| Firm Name | Ammons Law Firm |
| Filed By | Alicia Caballero |
| Filer Type | Not Applicable |
| Estate Value | $0.00 |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.64 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $22.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $22.64 |

**Payment**

| | |
|---|---|
| Account Name | VISA [ALF] |
| Transaction Amount | $22.64 |
| Transaction Response | Approved |
| Transaction ID | 83847817 |
| Order # | 057095096-0 |

**Request**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Request |

**EXHIBIT 2 - Page 48**

Envelope Details                                                    Page 2 of 3

Motion Code
Filing Description                          Request for Citation
Reference Number
Comments
Status                                      Accepted
Accepted Date                               9/9/2021 2:17 PM
**Fees**
Court Fee                                   $22.00
Service Fee                                 $0.00

Optional Services
Issue Citation                              $8.00
Copies - Certified                          $14.00 (14 x $1.00)
**Documents**

*Lead Document*          2021.09.09 Civil Process Rqst Form -
                         FCA.pdf                              [Original] [Transmitted]

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Robert E. Ammons rob@ammonslaw.com | The Ammons Law Firm | EServe | Sent | Yes | 9/9/2021 1:47 PM |
| Milton Raymond Hatcher rhatcher@sloanfirm.com | | EServe | Sent | Yes | 9/9/2021 1:58 PM |
| Alicia Renee Caballero alicia.caballero@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| John Gsanger john@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 9/9/2021 2:23 PM |
| Jon Melton jmelton@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Elizabeth Verweij everweij@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | 9/9/2021 3:18 PM |
| Kyle Calvin kyle@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Kyle C. Steingreaber kyle.steingreaber@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Jacqueline Bolden jbolden@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| | | EServe | Sent | Yes | Not Opened |

**EXHIBIT 2 - Page 49**

Envelope Details

Page 3 of 3

Nancy Shastid
nshastid@thompsoncoe.com

Thompson Coe
Cousins & Irons
LLP

Andrea Wilson
awilson@thompsoncoe.com

EServe

Sent   Yes

9/9/2021 2:51
PM

**EXHIBIT 2 - Page 50**

Print this page

# Case # 2021-2220-4 - MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT (170TH)

### Case Information

| | |
|---|---|
| Location | McLennan County - District Clerk |
| Date Filed | 9/9/2021 1:03 PM |
| Case Number | 2021-2220-4 |
| Case Description | MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT |
| Assigned to Judge | 170TH |
| Attorney | Robert Ammons |
| Firm Name | Ammons Law Firm |
| Filed By | Alicia Caballero |
| Filer Type | Not Applicable |

### Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $0.00 |

### Payment

| | |
|---|---|
| Account Name | VISA [ALF] |
| Transaction Amount | $8.23 |
| Transaction Response | |
| Transaction ID | 83840253 |
| Order # | 057092478-0 |

---

### Amended Filing

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Amended Filing |
| Motion Code | |

**EXHIBIT 2 - Page 51**

Envelope Details                                                    Page 2 of 5

| | |
|---|---|
| Filing Description | Plaintiff's First Amended Original Petition |
| Reference Number | |
| Comments | |
| Status | Accepted |
| Accepted Date | 9/9/2021 1:40 PM |
| Accept Comments | PLEASE NOTE: ISSUANCE FEE WAS REMOVED. YOU MUST PAY FOR THE COPY AS WELL AS THE CITATION. PLEASE RESUBMIT REQUEST PAYING $8 CITATION AND $14 COPY |

**Fees**

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

**Documents**

| | | | |
|---|---|---|---|
| *Lead Document* | 2021.09.09 PLTFs 1st Amd Pet.pdf | [Original] | [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Robert E. Ammons rob@ammonslaw.com | The Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Milton Raymond Hatcher rhatcher@sloanfirm.com | | EServe | Sent | Yes | Not Opened |
| Alicia Renee Caballero alicia.caballero@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| John Gsanger john@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Jon Melton jmelton@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Elizabeth Verweij everweij@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Kyle Calvin kyle@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 9/9/2021 1:07 PM |
| Kyle C. Steingreaber kyle.steingreaber@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 9/9/2021 1:04 PM |
| Jacqueline Bolden jbolden@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Nancy Shastid nshastid@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |

**EXHIBIT 2 - Page 52**

Envelope Details                                                                                           Page 3 of 5

| | | | | | |
|---|---|---|---|---|---|
| Andrea Wilson<br>awilson@thompsoncoe.com | | EServe | Sent | Yes | 9/9/2021 2:17 PM |
| Robert E. Ammons<br>rob@ammonslaw.com | The Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Milton Raymond Hatcher<br>rhatcher@sloanfirm.com | | EServe | Sent | Yes | Not Opened |
| Alicia Renee Caballero<br>alicia.caballero@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| John Gsanger<br>john@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Jon Melton<br>jmelton@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Elizabeth Verweij<br>everweij@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Kyle Calvin<br>kyle@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Kyle C. Steingreaber<br>kyle.steingreaber@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Jacqueline Bolden<br>jbolden@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Nancy Shastid<br>nshastid@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Andrea Wilson<br>awilson@thompsoncoe.com | | EServe | Sent | Yes | Not Opened |

.

---

**Request**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Request |
| Motion Code | |
| Filing Description | Request for Citation |
| Reference Number | |
| Comments | |
| Status | Rejected |

**Fees**

**EXHIBIT 2 - Page 53**

Envelope Details                                                          Page 4 of 5

| | | |
|---|---|---|
| Court Fee | | $0.00 |
| Service Fee | | $0.00 |

**Rejection Information**

| Reason | Time | Comment |
|---|---|---|
| Insufficient Fees - TRCP 99(d) and §51.318(b)(7) and (8) | 9/9/2021 1:39 PM | No rejection comment was provided. Please contact the court into which you are filing for more information. |

**Documents**

| | | |
|---|---|---|
| *Lead Document* | 2021.09.09 Civil Process Rqst Form - FCA.pdf | [Original] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Robert E. Ammons rob@ammonslaw.com | The Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Milton Raymond Hatcher rhatcher@sloanfirm.com | | EServe | Sent | Yes | Not Opened |
| Alicia Renee Caballero alicia.caballero@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| John Gsanger john@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Jon Melton jmelton@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Elizabeth Verweij everweij@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Kyle Calvin kyle@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 9/9/2021 1:07 PM |
| Kyle C. Steingreaber kyle.steingreaber@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 9/9/2021 1:04 PM |
| Jacqueline Bolden jbolden@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Nancy Shastid nshastid@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Andrea Wilson awilson@thompsoncoe.com | | EServe | Sent | Yes | 9/9/2021 2:17 PM |
| Robert E. Ammons rob@ammonslaw.com | The Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Milton Raymond Hatcher rhatcher@sloanfirm.com | | EServe | Sent | Yes | Not Opened |

**EXHIBIT 2 - Page 54**

Envelope Details                                                    Page 5 of 5

| | | | | | |
|---|---|---|---|---|---|
| Alicia Renee Caballero<br>alicia.caballero@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| John Gsanger<br>john@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Jon Melton<br>jmelton@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Elizabeth Verweij<br>everweij@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Kyle Calvin<br>kyle@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Kyle C. Steingreaber<br>kyle.steingreaber@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Jacqueline Bolden<br>jbolden@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Nancy Shastid<br>nshastid@thompsoncoe.com | Thompson Coe Cousins & Irons LLP | EServe | Sent | Yes | Not Opened |
| Andrea Wilson<br>awilson@thompsoncoe.com | | EServe | Sent | Yes | Not Opened |

**EXHIBIT 2 - Page 55**

**CITATION**



PAPER# 2
ATTY/MAIL

**THE STATE OF TEXAS**

**Cause No: 2021-2220-4**

**TO: FCA US LLC, A DELAWARE LIMITED LIABILITY COMPANY, DEFENDANT - BY SERVING ITS REGISTERED AGENT, C T CORPORATION SYSTEM, AT 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201**

**GREETINGS:**

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, and you are hereby served with a copy of Plaintiff's Discovery described below, to which you must file a written answer as required by law in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**MARY M. GRAY**                                                          Plaintiff

VS.

**ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER**   Defendants
**JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION, AND FCA US LLC, A**
**DELAWARE LIMITED LIABILITY COMPANY**

Court: **170TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
Pleading File Date: **SEPTEMBER 9, 2021**
Discovery Requests: **REQUEST FOR DISCLOSURE**
Cause No: **2021-2220-4**

***NOTICE***

*You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading and discovery, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **SEPTEMBER 13, 2021.**

**ROBERT E. AMMONS**                          Jon R. Gimble, District Clerk
**3700 MONTROSE BOULEVARD**                   501 Washington Ave., Suite 300 Annex
**HOUSTON, TEXAS 77006**                       Waco, McLennan County, Texas 76701
Attorney for Plaintiff
                                              By: _Paige Edmundson_____, Deputy
**AND**                                            PAIGE EDMUNDSON

**M. RAYMOND HATCHER, II**
**101 EAST WHALEY STREET**
**LONGVIEW, TEXAS 75601**

**EXHIBIT 2 - Page 56**

Attorney for Plaintiff

**AND**

**JAMES R. DUNNAM**
**4125 WEST WACO DRIVE**
**WACO, TEXAS 76710**
Attorney for Plaintiff

### RETURN OF SERVICE

Style: **MARY M. GRAY VS. ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION, AND FCA US LLC, A DELAWARE LIMITED LIABILITY COMPANY**
Cause No.: **2021-2220-4**
Court: **170TH JUDICIAL DISTRICT**
Paper#: **2**
Instrument(s) Served: Pleading, **PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**, and Discovery, **REQUEST FOR DISCLOSURE**

Came to hand on the _____ day of _____, 20_____ at _____o'clock _____M. and executed on the _____ day

of _____, 20_____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading and discovery

attached thereto, having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy                        _____

Total $_____   NO SHERIFF OR CONSTABLE   _____ County, Texas
                          FEES COLLECTED            By _____

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.

"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

**EXHIBIT 2 - Page 57**

# CITATION

THE STATE OF TEXAS

Cause No: 2021-2220-4

**FILED
MCLENNAN COUNTY
10/1/2021 6:40 PM
JON R. GIMBLE
DISTRICT CLERK**
Paige Edmundson

PAPER# 2
ATTY/MAIL

TO:  FCA US LLC, A DELAWARE LIMITED LIABILITY COMPANY, DEFENDANT - BY SERVING ITS REGISTERED
AGENT, C T CORPORATION SYSTEM, AT 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201

GREETINGS:

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below**,** of McLennan County, Texas,
at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with
the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date
of service of this citation, to the pleading described below, and you are hereby served with a copy of Plaintiff's Discovery
described below, to which you must file a written answer as required by law in the cause number described below on
the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**MARY M. GRAY**                                                                                                          Plaintiff

VS.

**ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER**        Defendants
**JEEP RAM FIAT, A TEXAS FOR-PROFIT CORPORATION, AND FCA US LLC, A**
**DELAWARE LIMITED LIABILITY COMPANY**

Court:  **170TH JUDICIAL DISTRICT**
Pleading:  **PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
Pleading File Date:  **SEPTEMBER 9, 2021**
Discovery Requests:  **REQUEST FOR DISCLOSURE**
Cause No:  **2021-2220-4**

### NOTICE

        *You have been sued. You may employ an attorney. If you or your attorney do not file a written answer
with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and the above pleading and discovery, a default judgment may be
taken against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk. Find out more at TexasLawHelp.org*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates
hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date:  **SEPTEMBER 13, 2021.**

**ROBERT E. AMMONS**
**3700 MONTROSE BOULEVARD**
**HOUSTON, TEXAS 77006**
Attorney for Plaintiff

AND

**M. RAYMOND HATCHER, II**
**101 EAST WHALEY STREET**
**LONGVIEW, TEXAS 75601**

Jon R. Gimble, District Clerk
501 Washington Ave., Suite 300 Annex
Waco, McLennan County, Texas 76701

By: _Paige Edmundson_ , Deputy
         PAIGE EDMUNDSON

**EXHIBIT 2 - Page 58**

RETURN OF SERVICE

## CAUSE NO. 2021-2220-4

| | | |
|---|---|---|
| MARY M. GRAY | * | IN THE DISTRICT COURT |
| V. | * | 107TH JUDICIAL DISTRICT |
| FCA US LLC, A DELAWARE LIMITED LIABILITY COMPANY, ET AL. | * | MCLENNAN COUNTY, TEXAS |

Came to my hand: _9_ / _22_ / _2021_ , at o'clock _148 P_ .M.

[ X ]   Citation
[ X ]   Plaintiff's First Amended Original Petition

Executed by me on: _9_ / _30_ / _2021_ , at o'clock _249 P_ .M.

Executed at _1999 Bryan St. Suite 352_
City of ~~Irving~~ _Dallas_                State of _TX_
Zip Code _75201_                County of _Dallas_

By delivering to: FCA US LLC, a Delaware Liability Company, by delivering to its Registered Agent: CT Corporation System; accepted by: _Latoya Sterns_

in person, a true copy of the above specified civil process having first endorsed on such copy the date of delivery.
Not Executed

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Krystal Jones_ , my date of birth is _1/2/84_ ,
(First, Middle, Last)
and my address is _4425 W. Airport Fwy Suit 352 Irving Tx 75062_ ,
(Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _Dallas_ County, State of _TX_ ,
on the _30_ day of _September_ , 20 _21_ .

Declarant / Authorized Process Server

_10814   38/31/23_
ID# & Expiration of Certification

**EXHIBIT 2 - Page 59**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dayna Dieringer on behalf of Raina Newsome
Bar No. 785027
dayna@ammonslaw.com
Envelope ID: 57816295
Status as of 10/4/2021 8:07 AM CST

Associated Case Party: MaryM.Gray

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Gsanger | | john@ammonslaw.com | 10/1/2021 6:40:04 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Raina Newsome | | raina@ammonslaw.com | 10/1/2021 6:40:04 PM | SENT |
| Andrea Rodriguez | | andrea@ammonslaw.com | 10/1/2021 6:40:04 PM | SENT |
| Kristin Hummel | | kristin@ammonslaw.com | 10/1/2021 6:40:04 PM | SENT |
| Dayna Dieringer | | dayna@ammonslaw.com | 10/1/2021 6:40:04 PM | SENT |

**EXHIBIT 2 - Page 60**

Envelope Details                                                                  Page 1 of 2

Print this page

## Case # 2021-2220-4 - MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT (170TH)

**Case Information**

| | |
|---|---|
| Location | McLennan County - District Clerk |
| Date Filed | 10/1/2021 6:40 PM |
| Case Number | 2021-2220-4 |
| Case Description | MARY M GRAY VS ALLEN SAMUELS WACO D C J, INC. D/B/A ALLEN SAMUELS DODGE CHRYSLER JEEP RAM FIAT |
| Assigned to Judge | 170TH |
| Attorney | Raina Newsome |
| Firm Name | Ammons Law Firm |
| Filed By | Dayna Dieringer |
| Filer Type | Not Applicable |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.09 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $3.34 |

**Payment**

| | |
|---|---|
| Account Name | VISA [ALF] |
| Transaction Amount | $3.34 |
| Transaction Response | Approved |
| Transaction ID | 84895877 |
| Order # | 057816295-0 |

---

**No Fee Documents**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | No Fee Documents |
| Motion Code | |

https://reviewer.efiletexas.gov/EnvelopeDetails.aspx?envelopeguid=6a7aad23-e15a-4235-...   10/4/2021

**EXHIBIT 2 - Page 61**

Envelope Details

| | |
|---|---|
| Filing Description | No Fee Documents |
| Reference Number | Gray |
| Comments | |
| Status | Accepted |
| Accepted Date | 10/4/2021 8:07 AM |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |
| *Lead Document* | 2021.09.30 ROS FCA US LLC.pdf   [Original]   [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| John Gsanger john@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Raina Newsome raina@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | 10/1/2021 7:50 PM |
| Andrea Rodriguez andrea@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Kristin Hummel kristin@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |
| Dayna Dieringer dayna@ammonslaw.com | Ammons Law Firm | EServe | Sent | Yes | Not Opened |

**EXHIBIT 2 - Page 62**

**FILED**
**MCLENNAN COUNTY**
**10/25/2021 9:58 AM**
**JON R. GIMBLE**
**DISTRICT CLERK**
Rosa Perez

**CAUSE NO. 2021-2220-4**

| | | |
|---|---|---|
| **MARY M. GRAY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **McLENNAN COUNTY, TEXAS** |
| **ALLEN SAMUELS WACO D C J, INC.** | § | |
| **d/b/a ALLEN SAMUELS DODGE** | § | |
| **CHRYSLER JEEP RAM FIAT and** | § | |
| **FCA US LLC,** | § | |
| | § | |
| *Defendants.* | § | **170ᵗʰ JUDICIAL DISTRICT** |

### DEFENDANT FCA US LLC'S ORIGINAL ANSWER
### TO PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FCA US LLC ("FCA US") files this Original Answer to Plaintiff's First Amended Original Petition ("Petition"). FCA US would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, FCA US denies each and every material allegation contained in Plaintiff's Petition, demands strict proof thereof, and to the extent that each such matters are questions of fact, demands Plaintiff proves such facts by a preponderance of the evidence to a jury if she can do so.

### II.
### AFFIRMATIVE DEFENSES

#### A.  Negligence of Plaintiff, Other Parties, and/or Third Parties

2.      Further answering, FCA US states that Plaintiff Mary Gray, Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat, and/or third parties or other circumstances, over whom/which FCA US had no control, failed to use that degree of care

**EXHIBIT 2 - Page 63**

and caution as would have been used by a reasonably prudent person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause the Plaintiff's damages or injuries, if any. Such acts or omissions of Plaintiff Mary Gray, Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat, and/or third parties, or other then-existing circumstances were the proximate cause, producing cause, sole proximate cause, or sole producing cause of the accident in question and any alleged resulting injuries or damages asserted by Plaintiff. FCA US therefore invokes the comparative responsibility provisions of the Texas Civil Practice & Remedies Code, § 33.001, et seq. In the unlikely event that any liability be found on the part of FCA US, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of Plaintiff Mary Gray, Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat, and/or other third parties or circumstances.

**B.  New and Independent Causes**

3.      Pleading further, the incident and Plaintiff's injuries and damages, if any, resulted from new and independent causes unrelated to any conduct of or product placed into the stream of commerce by FCA US.

**C.  Misuse of Product and Failure to Follow Instructions**

4.      Pleading further, FCA US states that on information and belief, prior to and at the time of the alleged damages, the subject product was being misused, abused, and not used in the manner and for the purpose for which it was intended to be used. Such unintended, unreasonable and/or unauthorized use, misuse, abuse, and failure to follow instructions proximately caused and contributed to the injuries and damages alleged herein.

**EXHIBIT 2 - Page 64**

### D.  Modification and Alteration of Product

5.      Pleading further, FCA US states that the proximate cause of the incident giving rise to this action may have been caused by an alteration or modification of the subject vehicle, which was not reasonably foreseeable, made by a person other than FCA US subsequent to the time the subject vehicle was sold.

### E.  Compliance with Government Standards

6.      Pleading further, the subject 2015 Dodge Journey SXT complied with all Federal Motor Vehicle Safety Standards ("FMVSS") and all other applicable federal requirements at the time of manufacture. Accordingly, FCA US pleads that Plaintiff's claims may be barred and/or preempted, in whole or in part, by the doctrine of federal preemption.

7.      Pleading further, FCA US is entitled to a presumption against liability pursuant to § 82.008(a) of the Texas Civil Practice & Remedies Code for any injuries allegedly caused by the subject vehicle's design, manufacture, and marketing, because the vehicle, including all its component parts, complied with all applicable FMVSS at the time of its manufacture.

8.      Pleading further, FCA US state that it may rely upon any other applicable and available defenses under Chapter 82 of the Texas Civil Practice & Remedies Code.

### F.  Caps, Credits, Claims, and Other Offsets

9.      Pleading further, FCA US states that in the unlikely event Plaintiff recovers any damages for past medical expenses in this case, Plaintiff's recovery of past medical expenses should be limited to those amounts actually paid or incurred by or on behalf of the Plaintiff, pursuant to § 41.0105 of the Texas Civil Practice & Remedies Code and under Texas law.

10.      Pleading further, FCA US states that prejudgment interest may not be assessed or recovered on an award of future damages, if any. *See* Tex. Fin. Code Ann. § 304.1045.

**EXHIBIT 2 - Page 65**

11.     Pleading further, in the unlikely event that an adverse judgment would be rendered against FCA US, FCA US would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practices & Remedies Code and under Texas law.

### G.  Reservation of Other Defenses

12.     FCA US hereby gives notice that it intends to rely upon such other defenses or denials as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Answer to assert such defenses.

### III.
### REQUEST FOR COURT REPORTER

13.     FCA US respectfully requests that a court reporter attend all sessions of the Court in connection with this case and that said court reporter take full notes of all testimony offered, together with any objections, rulings and remarks of the Court and exceptions thereto, and such other proceedings as may be needed or requested by FCA US. *See Christie v. Price*, 558 S.W.2d 922, 923 (Tex. Civ. App.—Texarkana 1977, no writ). FCA US further demands that the Official Court Reporter for this Court perform all the duties of the office, as set forth in § 52.046 of the Government Code of the State of Texas and as set forth in Rule 13 of the Texas Rules of Appellate Procedure, including reporting all testimony and trial proceedings, voir dire examinations, and jury arguments.

### IV.
### JURY DEMAND

14.     FCA US respectfully demands that a jury be impaneled to try this case, pursuant to the laws and Constitutions of the United States of America and the State of Texas.

**EXHIBIT 2 - Page 66**

## V.
## PRAYER

15.     FCA US respectfully prays that Plaintiffs take nothing by this suit and that judgment be entered in favor of FCA US. FCA US further requests an award of all costs and expenses incurred on its behalf and such other and further relief, both at law and in equity, to which it may show itself justly entitled.


Respectfully submitted,


By:     */s/ Kurt C. Kern*
        Kurt C. Kern
        State Bar No. 11334600
        **BOWMAN & BROOKE LLP**
        5830 Granite Parkway, Ste. 1000
        Plano, TX 75024
        Phone: (972) 616-1711
        Fax: (972) 616-1701
        Kurt.kern@bowmanandbrooke.com

        and

        Amy B. Larson
        State Bar No. 24101125
        A. Lane Morrison
        State Bar No. 24122924
        Chelsea B. Robinson
        State Bar No. 24121918
        **BUSH SEYFERTH PLLC**
        3001 West Big Beaver Road, Ste. 600
        Troy, MI 48084
        Phone: (248) 822-7800
        Fax: (248) 822-7001
        larson@bsplaw.com
        morrison@bsplaw.com
        robinson@bsplaw.com
        *Attorneys for Defendant FCA US LLC*

**EXHIBIT 2 - Page 67**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of this document was served on the following counsel of record in accordance with Tex. R. Civ. P. 21a(a) on _____.

Robert E. Ammons
Texas Bar No. 01159820
John B. Gsanger
Texas Bar No. 00786662
**THE AMMONS LAW FIRM, L.L.P.**
3700 Montrose Boulevard
Houston, Texas 77006
Telephone: (713) 523-1606
Facsimile: (713) 523-4159
rob@ammonslaw.com
john@ammonslaw.com

and

M. Raymond Hatcher, II
Texas Bar No. 24002243
**SLOAN HATCHER PERRY RUNGE ROBERTSON SMITH & JONES LAW FIRM**
101 East Whaley Street
Longview, Texas 75601
Telephone: (800) 730-0099
Facsimile: (903) 757-7574
rhatcher@sloanfirm.com

and

James R. Dunnam
**DUNNAM & DUNNAM, L.L.P.**
4125 West Waco Drive
Waco, Texas 76710
Telephone: (254) 753-6437
Facsimile: (254) 753-7434
jimdunnam@dunnamlaw.com
*Attorneys for Plaintiff Mary M. Gray*


Jon Paul Melton
Jacqueline R. Bolden
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
Plaza of the Americas

**EXHIBIT 2 - Page 68**

700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
jmelton@thompsoncoe.com
jbolden@thompsoncoe.com
**_Attorneys for Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat_**

_/s/ Kurt C. Kern_
Kurt C. Kern

**EXHIBIT 2 - Page 69**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amy Larson on behalf of Amy Larson
Bar No. 24101125
larson@bsplaw.com
Envelope ID: 58487839
Status as of 10/25/2021 11:00 AM CST

Associated Case Party: MaryM.Gray

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert E.Ammons | | rob@ammonslaw.com | 10/25/2021 9:58:04 AM | SENT |
| Alicia ReneeCaballero | | alicia.caballero@ammonslaw.com | 10/25/2021 9:58:04 AM | SENT |
| John Gsanger | | john@ammonslaw.com | 10/25/2021 9:58:04 AM | SENT |
| Kyle Calvin | | kyle@ammonslaw.com | 10/25/2021 9:58:04 AM | SENT |
| Kyle C.Steingreaber | | kyle.steingreaber@ammonslaw.com | 10/25/2021 9:58:04 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Milton Raymond Hatcher | 24002243 | rhatcher@sloanfirm.com | 10/25/2021 9:58:04 AM | SENT |
| Raina Newsome | | raina@ammonslaw.com | 10/25/2021 9:58:04 AM | SENT |
| Andrea Rodriguez | | andrea@ammonslaw.com | 10/25/2021 9:58:04 AM | SENT |
| Kristin Hummel | | kristin@ammonslaw.com | 10/25/2021 9:58:04 AM | SENT |
| Dayna Dieringer | | dayna@ammonslaw.com | 10/25/2021 9:58:04 AM | SENT |

Associated Case Party: Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elizabeth Verweij | | everweij@thompsoncoe.com | 10/25/2021 9:58:04 AM | SENT |
| Jon Melton | | jmelton@thompsoncoe.com | 10/25/2021 9:58:04 AM | SENT |
| Jacqueline Bolden | | jbolden@thompsoncoe.com | 10/25/2021 9:58:04 AM | SENT |
| Nancy Shastid | | nshastid@thompsoncoe.com | 10/25/2021 9:58:04 AM | SENT |
| Andrea Wilson | | awilson@thompsoncoe.com | 10/25/2021 9:58:04 AM | SENT |

**EXHIBIT 2 - Page 70**

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Gray, Mary M.

## DEFENDANTS

FCA US LLC

**(b)** County of Residence of First Listed Plaintiff   Unknown, Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Netherlands
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Robert E. Ammons; The Ammons Law Firm, LLP, 3700 Montrose Blvd., Houston, TX 77006, 713-523-1606

Attorneys *(If Known)*

Kurt C. Kern, Bowman & Brooke, LLP, 5830 Granite Parkway, Ste. 1000, Plano, TX 75024, 972-616-1711

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Plaintiff asserts product liability and negligence claims arising out of an accident involving her 2015 Dodge Journey.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**EXHIBIT 3 - Page 1**

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**EXHIBIT 3 - Page 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Waco                    DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day**
following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION**:

1.      Please identify the court from which the case is being removed; the case number; and the
complete style of the case.

170th Judicial District in McLennan County, Texas
Cause No. 2021-2220-4
Mary M. Gray v. Allen Samuels Waco D C J, Inc. d/b/a Allen Samuels Dodge Chrysler Jeep Ram Fiat and
FCA US LLC

2.      Was jury demand made in State Court?          ☒ Yes          ☐ No

If yes, by which party and on what date?

FCA US LLC                              October 25, 2021
Party Name                              Date

**STATE COURT INFORMATION**:

1.      List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the
attorney(s) of record for each party named and include the attorney's firm name, correct mailing address,
telephone number, and fax number (including area codes).

Plaintiff Mary M. Gray - Robert E. Ammons, The Ammons Law Firm, LLP, 3700 Montrose Blvd., Houston,
TX 77009, Phone 713-523-1606, Fax 713-523-4159. Defendant Allen Samuels Waco D C J, Inc. d/b/a Allen
Samuels Dodge Chrysler Jeep Ram Fiat - Jon Paul Melton, Thompson Coe Cousins & Irons, LLP, 700 N.
Pearl St., Dallas, TX 75201, Phone 214-871-8200. (cont'd on page 3)

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

None.

TXWD - Supplement to JS 44 (Rev. 9/2019)                              Page 1

**EXHIBIT 4 - Page 1**

3.      List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

 None.

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.      List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

 None.

**VERIFICATION**:

Attorney for Removing Party                              Date

Party/Parties

(NOTE:  Additional comment space is available on page 3)

TXWD - Supplement to JS 44 (Rev. 9/2019)                              Page 2

**EXHIBIT 4 - Page 2**

**ADDITIONAL COMMENTS (As necessary)**:

Defendant FCA US LLC - Kurt C. Kern, Bowman & Brooke, LLP, 5830 Granite Pkwy, Ste. 1000, Plano, TX 75024, Phone 972-616-1711, Fax 972-616-1701.

**EXHIBIT 4 - Page 3**